MARGARET COLES *vs.* COUNTY OF WASHINGTON.

April 5, 1886.

**Constitution—Reimbursement of Void Taxes paid by Mortgagees.—** Laws 1885, c. 261, which provides for the reimbursement of taxes paid by mortgagees in certain class of cases where such taxes have been, or hereafter shall be, adjudged void, is by its terms retroactive in its operation, and is not unconstitutional as applied to cases arising before the passage of the act.

**Taxes—"Adjudged Void."—**Where, in an action to foreclose a mortgage and to enforce a lien for taxes paid by the mortgagee, under Gen. St. c. 11, § 104, the court found specially the existence of certain irregularities and defects in the tax proceedings, which it held to be fatal to his right to the relief sought, *held*, sufficient to bring the case within the provisions of the act in question, though such taxes were not in express terms "adjudged void."

Appeal by plaintiff from an order of the district court for Washington county, *Crosby*, J., presiding, sustaining a demurrer to the complaint. The action was brought to recover the amount of taxes paid by the plaintiff as a mortgagee, which taxes are alleged in the complaint to have been adjudged void in his suit to foreclose the mortgage.

The allegations of the complaint in reference to the findings of the court in the action to foreclose the mortgage were as follows, viz.: That the court "found as to the issue concerning said taxes as follows: 'I further find that the assessment-rolls of the said city of Stillwater, where said premises are situate, for the years 1862 and 1864, are in no manner verified or authenticated by the assessor who made the same. I further find that the tax duplicates of said city for the years 1863, 1864, 1865, 1866, 1867, 1868, 1869, 1870, and 1871 are

in no manner authenticated by the county auditor of said county of Washington, and that the assessment-roll for the said city for the year 1872 was not sworn to by the assessor. I further find that for the years 1874, 1875, 1876, 1877, 1878, 1879, and 1880, all of said block 3 was valued by the assessor as one parcel, and the same, with the improvements thereon, was valued and assessed at a gross sum, and that the taxes for those years were levied thereon in the same manner, rendering it an impossibility to separate the taxes upon the homestead part of said block from the other portion thereof.' And as conclusions of law the said court found that the plaintiff was entitled to judgment as follows: 'As a conclusion of law from the facts found with respect to the taxes paid on said premises by the plaintiff, I find that she is not entitled to have them adjudged a lien thereon,' * * * thereby adjudging and determining that there were no valid taxes for those years levied and assessed upon said property by virtue of the payment of which the plaintiff was entitled to any lien thereon by reason of the payment of the said moneys paid to the said county treasurer therefor, and that there were no valid taxes levied against said lands for said years."

*Searles, Ewing & Gail,* for appellant.

*Ira W. Castle,* for respondent.

Laws 1885, c. 261, has no retroactive force, and is unconstitutional. *State* v. *Foley,* 30 Minn. 350; *Fleming* v. *Roverud,* 30 Minn. 273; *People* v. *Supervisors,* 43 N. Y. 130; *Vanderpool* v. *La Crosse & Mil. R. Co.,* 44 Wis. 652.

VANDERBURGH, J. The plaintiff purchased and received a deed of certain premises, being a block of land in the city of Stillwater. The title of her grantor was obtained under a foreclosure sale, which, at the time of such purchase, though apparently valid and sufficient to pass the title, was in fact void on account of matter *dehors* the record, and entirely unknown to the plaintiff; and it appears to have been so adjudged. *Coles* v. *Yorks,* 28 Minn. 464, (10 N. W. Rep. 775.) Before the discovery of the defect in her title, and while she, in good faith, believed herself the absolute owner of the property by virtue of the foreclosure proceedings, she ascertained that the premises were charged with a large amount of taxes for the years 1862 and 1880,

and all intervening years, except the year 1873, amounting in all to upwards of $1,300, and which were at the time understood and believed by the plaintiff to be a valid lien upon the land. It having subsequently been found that the foreclosure was invalid and insufficient to pass the title, plaintiff procured a formal assignment of the original mortgage and the indebtedness thereby secured, and thereupon proceeded to reforeclose the same by action, in which the plaintiff set up the fact of the payment of such taxes, and claimed to tack the amount thereof to the amount due upon the mortgage, and to enforce the lien thereof against the property. The block of land in question included the homestead premises of the mortgagors, in respect to which the mortgage and original foreclosure were held invalid. A reforeclosure, therefore, became necessary. The court, upon issues joined and a trial thereon, adjudged the mortgage a lien upon the balance of the block after the homestead was set off, and ordered a foreclosure accordingly; but denied the plaintiff's claim for the taxes so paid, holding and determining that the plaintiff was not entitled to have such taxes adjudged a lien on the premises, on the ground of irregularities and defects in the tax proceedings; and judgment was rendered in conformity with such findings.

By an act of the legislature approved March 9, 1885, (Laws 1885, c. 261,) it is provided and enacted as follows: "Whenever money has been paid, or hereafter shall be paid, for taxes on any land, by a person who holds a mortgage on such land, or who, in good faith, believes himself to be the owner of such land under a mortgage foreclosure, which foreclosure has been, or hereafter shall be, declared void, the money so paid, with interest from the date of such payment at the rate of seven per cent. per annum, shall be refunded to such person, his executors, administrators, or assigns, whenever such taxes have been, or hereafter shall be, adjudged void in an action for the foreclosure or reforeclosure of such mortgage." Section 2 provides for the payment of the same by the county treasurer on the order of the county commissioners, and for a reassessment of such taxes upon the lands; and section 3 requires that the moneys so refunded shall be charged to the various taxing districts in the proportion shared by them in the amount originally paid.

And thereafter the plaintiff presented to the defendants, commissioners of Washington county, the proofs of her claim under the act just recited, including the proof of the payment of the taxes and record of the judgment denying her relief therefor against the land on the ground stated. Their refusal to allow such claim resulted in this action.

The plaintiff insists that this case falls within the provisions of the act in question. She also claims that, independently of the statute, she is entitled to recover for money had and received, which, under the circumstances, the defendants in equity and good conscience ought not to retain. But this statute provides for an apportionment of the burden of the reimbursement of such taxes, and for a reassessment. It is therefore important that it should be construed, and its effect and validity determined, as respects the rights of the county in the premises.

1. The statute is a remedial one, and, by its terms, is intended to be retroactive. The language, as will be observed, is: "Whenever money has been paid, or hereafter shall be paid, for taxes," etc.; and "whenever such taxes have been, or hereafter shall be, adjudged void," etc. In this respect the language and purpose of the act resemble that construed by this court in *State* v. *Cronkhite*, 28 Minn. 197, (9 N. W. Rep. 681.)

2. No substantial objections can be urged against the constitutional right of the law-making power to enact statutes of this kind. It is a question of policy, of the wisdom of which the legislature is, within certain limits, exclusively to judge. In *Town of Guilford* v. *Supervisors*, 13 N. Y. 143, the court say: "The legislature is not confined in its appropriation of the public moneys, or of the sums to be raised by taxation, in favor of individuals, to cases in which a legal demand exists against the state. It can thus recognize claims founded in equity and justice, in the largest sense of these terms." Cooley, Const. Lim. *226, *230. *Town of Guilford* v. *Cornell*, 18 Barb. 615, 640. See *Blanding* v. *Burr*, 13 Cal. 343, 351, and cases cited.

In *State* v. *Cronkhite, supra,* the statute under consideration related to the reimbursement of purchasers where tax sales are adjudged void, and it was there held that "when a tax sale has been declared

void, a moral, if not a legal, obligation arises to refund the purchaser's money." Such obligation is sufficient to support retroactive legislation. Indeed, the rule stated is specially applicable to such legislation, because, as respects future transactions, purchases or payments must be presumed to have been made in reliance upon the conditions in the existing statutes. *Fleming* v. *Roverud*, 30 Minn. 273, (15 N. W. Rep. 119.) But the class of cases provided for by the act in question presents as strong claims for legislative recognition as the case of purchasers at tax sales. It appears to be the policy of the state to encourage the payment of taxes by lienholders. Gen. St. 1878, *c.* 11, § 104. The mortgagee pays on the faith of securing a lien, just as the tax purchaser pays on the faith of securing a lien or title, the primary obligation to keep down the taxes resting upon the land-owner. But unless a mortgagee is able to enforce his lien against the land for taxes paid by him thereon, he must lose the same unless voluntarily refunded by the land-owner; and it is clearly within the legislative discretion to provide for a return to him of such taxes by the county where paid, and for a reassessment upon the land chargeable therewith, when his lien therefor cannot be enforced because they are found to be invalid. *State* v. *Cronkhite, supra; County of Olmsted* v. *Barber*, 31 Minn. 256, (17 N. W. Rep. 473.) And so, also, we think the position of one claiming title under a foreclosure sale, and paying taxes under the belief that such sale is valid, but which turns out to be void, is equally favorable; for in such case he may be treated as an equitable assignee who has succeeded to the rights of the mortgagee, (*Johnson* v. *Sandhoff*, 30 Minn. 197; 14 N. W. Rep. 889,) and as having paid taxes upon lands of another under an honest mistake of fact in respect to the title and his relation thereto.

There can be no substantial distinction between the case of a tax purchaser and the case at bar. A tax purchaser is not a *bona fide* purchaser, in the strict and proper legal sense. The rule *caveat emptor* applies to him, and he takes all the risks of his purchase. Cooley, Tax'n, \*329, 375, (2nd Ed. 475.) Such purchaser is authorized by statute to pay and add to the amount of his bid subsequent delinquent taxes, and statutory provisions for reimbursement are some-

times made to include such taxes also. As to such taxes he is placed on the same footing as other lienholders; but a remedial and retroactive statute which provides for the repayment of the purchase price, together with taxes subsequently paid, would hardly be held valid as to the former and invalid as to the latter. We think no such distinction can be made, but the claims are equally just and equitable in their character; and if the lienholder, in good faith, pays such taxes by the authority of the state, and the lien therefor fails through the invalidity of the tax proceedings, he has a claim founded in justice and good conscience, which the legislature may recognize by providing for reimbursement, and at the same time justice may be done to the state by providing for a reassessment, so that the property may not escape its just proportion of the public burdens. *County of Olmsted* v. *Barber,* 31 Minn. 256, (17 N. W. Rep. 473.)

The case of *State* v. *Foley,* 30 Minn. 350, (15 N. W. Rep. 375,) is not in conflict with these views. It was there held that legislation providing for an increased rate of interest upon sums paid by purchasers at tax sales, under statutes previously existing and providing for reimbursement for taxes declared invalid, and which statutes were therefore to be considered as entering into and forming part of the contracts of purchase, was not supported by any moral or legal claim or duty. The case is manifestly distinguishable from the case at bar.

Taxes paid by a mortgagee, and to which the statute in question is intended to refer, may be "adjudged void" on account of irregularities or omissions of the officers who conduct the proceedings, and which are invalid and cannot be enforced for such cause. In the action to foreclose the mortgage in question, the court did not, in terms, declare the taxes paid by the plaintiff to be void, but we think the findings and judgment of the court are sufficient to bring the case fairly within the provisions of the statute. The case before the court involved the determination of the question, and the court finds the existence of certain irregularities and defects in the proceedings, and, as a result and legal conclusion therefrom, determines that the plaintiff is not entitled to have such taxes adjudged a lien upon the premises. This means that because of such defects the mortgagee was deprived of the benefit of the statutory lien for the taxes paid by him,

v.35M—9

which was necessarily equivalent to holding them invalid. We think, though the findings are somewhat informal, that the judgment is sufficient to bring this case within the class for which the statute in question was intended to afford a remedy.

The propriety of the provisions of the act requiring the reimbursement to be made directly by the county does not seem to be questioned by the respondent. This question was considered, and the validity of such legislation sustained, in *State* v. *Cronkhite*, *supra*. It will be remembered, also, that in this act special provision is made for apportioning the burden of such reimbursement among the proper political subdivisions to which the taxes had been previously distributed. We hold, therefore, that the plaintiff is entitled to recover under the statute.

This disposition of the case renders it unnecessary to consider any other grounds upon which plaintiff bases a right of recovery.

Order reversed.

GILFILLAN, C. J. I dissent. As to cases arising before the passage of the law of 1885, I think it is invalid within the principles laid down in *State* v. *Foley*, 30 Minn. 350, (15 N. W. Rep. 375,) where the power of the legislature to provide for payment of money out of the public treasury to an individual is made to depend upon the existence of some obligation, legal or moral, on the part of the state or county to pay it. In a case like this, arising before the act was passed, there was certainly no legal obligation. In the case of a tax sale, where the state assumes to sell and the purchaser expects to get, and pays his money to get, the land, if the latter does not get what he buys and pays for,—if the state does not pass to him what it assumes to sell, and what it receives his money for,—there may be a moral obligation to repay. It arises out of the contract which has failed. But in receiving payment of taxes the state makes no contracts. It does not assume to transfer anything to the person paying. He does not expect to get anything from the state. As between him and the state the only effect of the payment, and the only effect expected, is to discharge the land from its obligation to the state; and it does this whether the person paying has or has not any

interest in the land, and whether the taxes have been, or have not been, regularly assessed. Any person may pay such taxes, and with his motive in paying the state has nothing to do. If he pays because he thinks his interest requires it, or because he thinks he will thereby acquire some right as against a third person, that is his lookout. The state does not assume, by receiving the tax, to secure any such advantage to him. I can see no moral obligation to repay in such a case.