J. C. EASTON vs. GEORGE A. HAYES, Auditor, etc.

July 13, 1886.

Constitution—Void Tax Sale—Refunding of Purchase-Money.—Laws 1878, c. 1, § 97, (Gen. St. 1878, c. 11, § 97,) as amended by Laws 1881, c. 10, (providing for the reimbursement from the county treasury of the purchase price paid at void tax sales prior to that act,) sustained as to its constitutionality. The grantee of the land from the purchaser *held* entitled to such reimbursement.

State v. Foley, 30 Minn. 350.—Error in statement in *State* v. *Foley*, 30 Minn. 350, (15 N. W. Rep. 375,) concerning certain legislation, corrected.

Appeal by plaintiff from an order of the district court for Fillmore county, *Farmer*, J., presiding, sustaining a demurrer to the complaint.

*Kingsley & Shepherd*, for appellant, cited *Town of Guilford* v. *Supervisors*, 13 N. Y. 143; *Lycoming* v. *Union*, 15 Pa. St. 166, (53 Am. Dec. 575;) *Turnpike Co.* v. *Commonwealth*, 2 Watts, 433; *Blanding* v. *Burr*, 13 Cal. 343; *State* v. *Cronkhite*, 28 Minn. 197; *State* v. *Foley*, 30 Minn. 350; Cooley on Taxation, 91.

*Burdett Thayer*, for respondent.

DICKINSON, J. The complaint shows that at the tax sales in Fillmore county, in the several years 1864, 1865, and 1866, certain lands were sold for delinquent taxes, one Johnson purchasing at the sale of 1864, and the plaintiff purchasing at the other two sales; that no redemption was made, and that the proper tax deeds were executed to

such purchasers; that Johnson conveyed by quitclaim deed to the plaintiff; that in 1884, in an action in the district court against this plaintiff, judgment was duly rendered, setting aside and declaring void all such tax sales and deeds, on the ground that the land, at the time of the assessment and levy of the taxes, was not subject to taxation. The object of this action is to recover from the county the amounts paid at the tax sales, with interest. By a demurrer to the complaint the right to recover is contested.

Section 97, chapter 1, Laws 1878, (Gen. St. 1878, *c.* 11, § 97,) as amended by Laws 1881, *c.* 10, unquestionably entitles the plaintiff to the reimbursement here sought, if that statute, as applied to such cases, is valid. The power of the legislature to make provision for reimbursement in such cases, as was done by the statutes cited, was recently determined in *Coles* v. *County of Washington, ante,* p. 124, the decision in which is applicable to and controls this case. The opinion in that case indicates the distinction between that case and *State* v. *Foley,* 30 Minn. 350, (15 N. W. Rep. 375,) relied upon by this respondent.

The point is made that the conveyance by quitclaim deed from Johnson to this plaintiff did not entitle the latter to recover the amount paid by Johnson as the purchaser at the tax sale of 1864. As we construe the allegations of the complaint, the question is whether, by a mere deed of quitclaim from Johnson to the plaintiff in 1875, the latter became entitled to reimbursement of the price paid by Johnson upon the tax sale in 1864. The statute above cited confers the right of reimbursement upon the purchaser at the tax sale, "or the party holding his right." The legal right to repayment exists only by force of the statute, and we seek only to determine what was intended by it. We think that it was the purpose of this law that when a tax sale should be adjudged void, and thereby the supposed title or interest of the purchaser or his assigns in respect to the land should be defeated, the price paid to the state, with subsequent taxes paid, should be repaid to the purchaser, or to the person to whom his interest in the land should have been transferred. If this is the proper construction of the statute, this plaintiff, and not his grantor, Johnson, is entitled to repayment.

We embrace this opportunity of correcting a misstatement in the opinion in *State* v. *Foley, supra.* It is there said that Rev. St. 1851, *c.* 12, § 74, remained unaffected by subsequent legislation until 1866, when it was repealed. Our attention has since been called to the fact that that chapter was also repealed by Laws 1860, *c.* 1, § 105.

Our conclusion being that the second, third, and fourth causes of action stated in the complaint show a right of recovery, the order sustaining the demurrer thereto is reversed.