JASON C. EASTON *vs.* G. A. HAYES, County Auditor.

June 5, 1888.

Taxes—Sale Adjudged Void—Reimbursement of Purchaser.—The right to recover, provided for in Laws 1881, c. 10, § 19, does not depend upon a statement in the judgment therein mentioned of the reason for which a tax sale has been set aside; nor is it essential that there should have been a valid tax levied upon the property in question.

Plaintiff brought this action in the district court for Fillmore county, to compel the defendant, as county auditor, to draw his warrant on the county treasurer, in favor of plaintiff, for the amounts paid by plaintiff for lands purchased by him at the tax sale on February 5, 1866, for the taxes of 1864, with interest at 7 per cent. per annum from the date of sale. The complaint alleges that, as to each parcel bought by him, the sale was, by a judgment rendered on November 14, 1866, in a suit against the county auditor and treasurer, set aside and the certificate of sale adjudged void "on the ground that said sale was made and said certificate issued without the authority of law," and further alleges that on February 24, 1877, the plaintiff presented to defendant a duly-certified copy of the judgment, and demanded that he draw his warrant, etc. A demurrer to the complaint was overruled by *Farmer, J.*, and the defendant appealed.

*Burdett Thayer*, for appellant.

*Kingsley & Shepherd*, for respondent.

COLLINS, J. This is an appeal from an order overruling a general demurrer to plaintiff's complaint, which it is claimed sets out a cause of action under Laws 1881, c. 10, § 19. The sales mentioned in said complaint were held in the month of February, 1866; while the judgments which set them aside, and declared the certificates issued therein void, were rendered in November of the same year. The section of the statutes by virtue of which plaintiff seeks relief is as follows: "When any tax sale is declared void by judgment of court, such judgment shall state for what reason such sale is annulled; and in all cases where any sale has been, or hereafter shall be, so set aside, the

money paid by the purchaser shall,  *   *   *   with interest at the rate of ten per cent. per annum,  *   *   *   be returned to the purchaser  *   *   *   out of the county treasury, on the order of the county auditor.   Such proceedings shall not operate as a payment or cancellation of any tax included in the judgment or refundment; but the same shall stand as originally extended against the property, and, with all accruing interest, penalties, and costs, be included with the taxes thereon for the current year in the next delinquent tax sale : *   *   *   *provided, further*, that the provisions of this section shall apply to all sales of land for taxes made prior to the passage of this. act."

The appellant urges that because the section under consideration looks forward to the collection of the amount of the taxes avoided by the judgment, and provides the method of enforcing payment of the same with interest, penalties, and costs, the complaint should allege the levy of a valid tax upon the property ; and he also strenuously contends that it must also show that the judgment states "for what reason the sale was annulled."   It would seem to be a sufficient answer to the first proposition to say that the statute nowhere requires that a valid tax sale shall have preceded the right to recover; and we must not assume that the legislature intended to distinguish between cases in which, for wholly different reasons, the sales have been set aside, or to discriminate between a judgment rendered because the tax has been improperly levied, or perhaps not levied at all, and a judgment annulling a sale on account of some defect in the proceedings subsequent to the levy of the tax.   The section is less restrictive, if possible, than that of the same general character construed in *State* v. *Cronkhite*, 28 Minn. 197, (9°N. W. Rep. 681,) and which was held sufficiently ample to include all tax sales set aside by judgment of the court.

The next position of the appellant is that, as a condition to recovery, the plaintiff must allege, and consequently establish upon trial, if it be denied, that the judgment declaring the sale void contains a statement of the reason therefor.   In 1866, when these sales were made and the judgments rendered, the statute provided for a return of the money to the purchaser, in case the sales were declared void.   Gen.

St. 1866, *c.* 11, § 165. No form of judgment was made a prerequisite to reimbursement, should the court declare the sales invalid. The law so remained until 1874, when by section 138, chapter 1, Laws of that year, it was provided that the reason for declaring a sale void should be stated in the judgment, and the right to recover the amount paid at the sale was made contingent upon something "occurring, or omitted to be done, subsequent to the entry of judgment." In 1877, (Laws 1877, *c.* 6, § 29,) this restriction as to the right to recover in certain cases only was removed, and all provided for, in unmistakable language, as was held in *State* v. *Cronkhite, supra.* Again, in 1881, in the section now under discussion, was the design of the lawmakers to reimburse all who purchased at tax sales, and, through no fault of their own, lost all benefit of the purchase, made more manifest by the slight but suggestive change of phraseology, arrangement of the sentence, and proviso at the end of the reconstructed section. It will thus be seen that, to render the appellant's position tenable, it must be held that, in spite of its forcible language, the present statute is not broad enough to cover judgments rendered prior to 1874; for until that year the reason for annulling the sale was not required as a part of, nor could we expect to find it specified in, the judgment. The construction of the section is such as to warrant but one conclusion,—that the right of the purchaser at a tax sale which has been adjudged void does not depend, as it did for three years prior to the amendment of 1877, upon the nature of the defect. The opening clause is wholly independent; intended, probably, when complied with, for the guidance of the county auditor, who is authorized, in certain cases, to again extend the taxes, and attempt their collection. But, whatever may have been the object in retaining the clause which provides for a matter of form in the judgment, it is obvious that the right to reimbursement is not dependent upon the manner in which the judgment is framed. We have not overlooked appellant's contention that the act of 1881 is unconstitutional; but the constitutionality of this species of legislation has been determined in *Coles* v. *County of Washington,* 35 Minn. 124, (27 N. W. Rep. 497;) *Easton* v. *Hayes,* 35 Minn. 418, (29 N. W. Rep. 59.)

Order affirmed.