MARY ELIZA SCHOONOVER *vs.* JOHN B. GALARNAULT, County Auditor.

January 2, 1891.

**Void Tax-Sale—Recovery of Purchase-Money and Subsequent Taxes Paid.**—Gen. St. 1878, c. 11, § 97, as amended by Laws 1881, c. 10, § 19, relating to the recovery of the purchase-money for land purchased at void tax-sales, and the taxes subsequently paid thereon, with interest, is by its terms retroactive, and is valid.

**Same — Subsequent Taxes Paid by Guardian for Minor Devisee of Purchaser.**—The heirs or devisees of a purchaser entitled to recover taxes paid by virtue of that statute are "persons holding his right," within the meaning thereof; and it is not material that during the minority of one of such devisees the money to pay taxes on lands purchased by his devisor at a void tax-sale is furnished or advanced and paid for him by a parent or guardian who is also a tenant in common of the same with such devisee.

Action brought in the district court for Benton county, to compel the defendant, as county auditor, to draw his warrant on the treasurer for the purchase-money, with interest, paid on a void tax-sale, and the amount of subsequent taxes paid, with interest. Trial before *Baxter*, J., and judgment ordered and entered for plaintiff, requiring defendant to draw his warrant for $1,430.90, from which the defendant appeals.

*Taylor, Calhoun & Rhodes* and *J. A. Senn*, for appellant.

*Reynolds & Stewart*, for respondent.

VANDERBURGH, J. It appears from the record that one William H. Schoonover purchased the lands described in the complaint, lying in Benton county, at tax-sales occurring between the years 1860 and 1866, as therein mentioned, and received tax-deeds therefor; that he paid the subsequent taxes thereon, as alleged, until the year 1868, when he died testate, leaving him surviving the plaintiff, his daughter, and Mary A. Schoonover, his wife. By his will he bequeathed all his personal property to his wife, and devised to his daughter all his real estate lying and being in the state of Minnesota "to be held and controlled by her as her own, as soon as she shall become of lawful

age," except a life-estate in one-third thereof to his wife. During the minority of the daughter, and from 1868 to 1874, her mother, Mary A. Schoonover, paid the taxes on the same lands theretofore claimed by her father under the tax-deeds referred to, and as set forth in the complaint and findings of the court; and it is further found that she paid the same for the protection of her own and her daughter's interest in the lands, acting for and in her behalf in the matter, the daughter then residing with her, and being under her care and guardianship. Subsequently, in the years 1886 and 1887, the tax-deeds were set aside and declared void by the court. Prior to the commencement of this action, Mary A. Schoonover granted and conveyed to the plaintiff, by the proper instrument in writing, all her right, claim, and interest in the lands in question, and also all rights of action, claim, and demand which she had against the county of Benton for taxes paid by the decedent upon the lands, as well as those paid by her to protect their joint interest therein under the tax-deeds.

There is no doubt that, by virtue of the will and the conveyance and assignment last described, plaintiff became invested with all the rights and causes of action growing out of the tax-sales and the subsequent payment of taxes on these lands possessed by the testator and her mother. *Easton* v. *Hayes*, 35 Minn. 418, (29 N. W. Rep. 59.) But a question is raised in respect to her right to recover the taxes advanced and paid by her mother for her, on her share in the lands. The case is not essentially different from a loan to her of money sufficient to pay her share of the taxes by her mother. The latter will not be deemed a volunteer or intruder, for she might advance the amount of the taxes for her cotenant, and the payment would inure to the benefit of the latter, and she might have enforced her claim therefor against the lands or the proceeds. Freem. Coten. § 263. But it is not material to inquire through what agency plaintiff acquired the means to pay the taxes, or that they were paid by her mother in her behalf. We think, under the statute, she, and no one else, is the party "holding the right" to recover the amount found due, if the claim could have been sustained by the testator, if he were still alive. In this respect the language of the statute is very broad. Gen. St. 1878, *c.* 11, § 97, as amended, Laws 1881, *c.* 10, § 19. It

provides that the purchase-money, and all subsequent taxes, penalties, and costs, with interest at 10 per cent. per annum from the date of payment, be returned to the purchaser or assignee or party holding his right.

The only other question is the validity of the plaintiff's claim under the act of 1881. The tax-sales were made before the General Statutes of 1866, *c.* 11, § 155, and after the repeal of Rev. St. 1851, *c.* 12. There was, then, at the time of the tax-sales in question, no statute providing for the repayment to purchasers of the purchase-money and subsequent taxes. But the defendant claims that the tax-purchaser must be deemed to have rested upon his right to enforce the lien of the state or recover from the land-owner the taxes so paid, under Laws 1860, *c.* 1, § 99, and other similar provisions of the statutes existing when the sales were made, and that these statutory remedies entered into the contract of sale, and that the legislature could not add or substitute other remedial statutes for his benefit. We are unable to see, however, why the legislature might not, if it deemed best, provide an additional remedy for a direct repayment of the taxes by the state through the county, and for the subsequent enforcement thereof by reassessment, as well as provide such remedy where none existed before. *County of Olmsted* v. *Barber,* 31 Minn. 256, (17 N. W. Rep. 473.) The right to enact retroactive statutes of that character was considered and determined in *State* v. *Cronkhite,* 28 Minn. 197, (9 N. W. Rep. 681,) and affirmed in *Easton* v. *Hayes, supra,* and *Coles* v. *County of Washington,* 35 Minn. 124, (27 N. W. Rep. 497.) The right to enforce the lien of the state before existing does not affect the validity of the statute under consideration. Whether wise legislation or not, the policy of the law was a question for the judgment of the legislature. If of doubtful propriety, it may be modified or repealed, and such modification and repeal would be effectual at least as to future sales and to sales made before the passage of the act.

Judgment affirmed.