## AUSTIN CORBIN *vs.* W. J. MORROW, County Auditor.

### July 7, 1891.

County Auditor—Action to Compel Issuance of Warrant on Treasurer.—An action may be brought against a county auditor, by a person entitled to require him to issue his warrant upon the county treasurer, to compel him to issue it.

Same—Money Paid on Void Tax-Sale—Demand for Refunding Warrant—Proof to be Furnished.—A person applying to a county auditor for his warrant upon the treasurer for money paid by him upon a void tax-sale, and subsequent taxes paid on the land, under Gen. St. 1878, c. 11, § 97, as amended by Laws 1881, c. 10, ought to furnish to the auditor proof of his right to a return of his money.

Same—Judgment Declaring Tax-Sale Void—Effect as to Other Parcels—Demand for Warrant held Bad.—Where a tax-sale of one piece

has been adjudged void, even upon a ground common to all the lands sold under the same general tax judgment, the purchaser is not entitled to a return of the money paid by him on account of another piece sold under the same tax judgment, as to which the tax-sale has not been adjudged void, and a demand on the auditor for a warrant for the moneys paid on account of both pieces is bad.

Appeal by defendant from a judgment of the district court for Becker county, *Mills,* J., presiding, rendered in favor of plaintiff on demurrer to the answer, the defendant not having amended after the decision on the demurrer.

*Warner, Richardson & Lawrence* and *Jeff. H. Irish,* for appellant.

*G. W. Stewart,* for respondent.

GILFILLAN, C. J.　According to the complaint, under a tax judgment entered in 1874, two pieces of land, of 80 acres each, in Becker county, were, October 17th that year, exposed for sale, and, for want of bidders, bid in for the state, and a proper certificate for each piece separately, to the state, made by the auditor of the county.　September 1, 1876, there having been no redemption, one Ward paid into the county treasury the amount required by law to secure assignments, and the auditor executed to him the usual assignment certificate for each piece, and November 3, 1876, Ward conveyed the lands by quitclaim deed to plaintiff.　The certificates and deed were duly recorded.　Each year thereafter, to and including 1889, plaintiff paid the taxes on both pieces.　June 1, 1887, one Brown commenced an action against this plaintiff to recover one of the 80-acre pieces and a part of the other, which resulted in a judgment entered July 12, 1890, in favor of that plaintiff, and adjudging the tax judgment void for the reason that no newspaper had been designated in which to publish the tax-list and notice in the year 1874, and the court, therefore, had no jurisdiction to render the judgment.　After the entry of the judgment in Brown against this plaintiff, this plaintiff, as the complaint alleges, demanded of this defendant, the county auditor of said county, that he issue his warrant or order on the county treasurer for the sum paid by Ward for the two certificates of assignment, and the several sums so paid by plaintiff as taxes on the two pieces, with interest at the rate of 10 per cent. per annum, and

the defendant refused so to issue his warrant or order. This action is brought to compel defendant to issue his said warrant. Defendant interposed a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendant then served an answer, which, in substance, admits the allegations of fact in the complaint, and alleged new matter. A demurrer to the answer was sustained, and the court ordered and entered judgment for plaintiff, as prayed in the complaint. From that judgment this appeal is taken. As we think the complaint deficient in substance, and in that respect it was no way helped by the answer, the appeal must be determined on the sufficiency of the complaint. It is therefore unnecessary to further refer to the answer.

Various objections are made to the complaint, the first of which is that an action will not lie to require a county auditor to issue his warrant in such a case. The plaintiff might have a remedy to secure the same relief by *mandamus*. But that is no reason why he should not also have the concurrent remedy by action, which, indeed, is in the nature of *mandamus*. A similar complaint was sustained in *Fleming* v. *Roverud*, 30 Minn. 273, (15 N. W. Rep. 119.)

It is also objected to it that it alleges no sufficient demand, as the one made called on the auditor to do what the law does not permit, and also as it is not alleged that plaintiff furnished to the auditor any proof of his right to make the demand; that is, any proof of the judgment declaring the tax-sale void, and that plaintiff had a right to the money. As the action must be based on the breach by the auditor of a duty to the plaintiff, the complaint must, of course, show that it was the auditor's duty to issue the warrant to him. It could not be his duty, and he would have no right, to issue it without a demand. Nor would a mere demand for the warrant make the duty to issue it. If one should go to a county auditor, represent that he was the purchaser of a certificate of sale at a tax-sale of a certain piece of land, and that the sale had been adjudged void, and that he had paid taxes on the land, and should demand a warrant for the various amounts paid by him, the auditor might, if he knew the facts authorizing the demand to exist, issue the warrant. But

he would be under no obligation to comply with the demand, unless the person furnished proper evidence of his right to make it. It is not enough that the facts exist. It is not the business of the auditor, upon such an application, to hunt up the evidence of the facts. But it is for the person applying to show that he has a right to apply; that the facts exist which make it the auditor's duty to issue the warrant; that he comes within the statute.

The plaintiff argues that the allegation of a demand implies the doing of all that was necessary to make the demand a lawful one. As to the form and manner of the demand, that might be so; but it would not be so as to the party's right to make it, nor as to his furnishing proof of his right when incumbent on him to do so. But it is apparent from the complaint that the demand was bad because it required the auditor to do what he had no authority to do. It manifestly required him to issue his warrant for the sums paid on account of the whole of both the 80-acre pieces, though plaintiff's title under the tax-sale to but one of them, and a part of the other, had been determined and adjudged invalid. To entitle the purchaser or his assignee to a return of the money paid by him, it is not enough that the tax-sale was void. There must be a judgment declaring it void. Gen. St. 1878, *c.* 11, § 97, as amended by Laws 1881, *c.* 10. The statute does not contemplate that the purchaser may retain whatever advantage the tax-sale gives him, (and we can suppose a case where the tax-sale, though void, would give the purchaser an important advantage,) and at the same time have a return of all the money paid by him on account of the piece of land sold. It therefore provides that, as a condition precedent to the right to a return, the party's rights under the tax-sale shall be terminated by judgment. Plaintiff's rights as to that part of one of the 80 acres not included in the action of Brown against him have not been so determined. The judgment in that case affected directly only the piece involved in the action. It is doubtless true that that judgment would, between the same parties, be conclusive of the facts on which it is based, in any litigation involving the validity of the tax judgment of 1874. But the existence of conclusive evidence of the invalidity of a tax-sale of a piece of land is not, under the statute, equivalent to a judgment

declaring it void. The court below ought to have sustained the demurrer to the complaint.

Judgment reversed.