# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

STATE OF MINNESOTA *ex rel.* SAMUEL MATTHEWS *et al. vs.* ERIC C. OLSON *et al.*, County Com'rs.

Submitted on briefs May 22, 1894. Affirmed June 22, 1894.

No. 8825.

**Refundment of money paid upon void tax sale.**
    The decision in *Corbin* v. *Morrow*, 46 Minn. 522, does not apply to a proceeding to procure refundment of money paid upon a void tax sale under section 148, added to 1878, G. S. ch. 11. by Laws 1881, ch. 10, § 21.

**1878, G. S. ch. 11, § 148, is constitutional.**
    Said section 148 is constitutional.

**Bar of the statute of limitation of actions.**
    The remedy given by that section is not barred where less than six years have elapsed since the right to the remedy accrued.

**Mandamus lies to compel commissioners to act.**
    Where, upon a proper application under said section 148, the county commissioners are satisfied that all the facts affecting the case are fully and fairly stated, they can be required by mandamus to sign the proper certificate.

**Frame of the petition for refundment.**
    Where the provisions of 1878, G. S. ch. 11, § 101, as amended by Laws 1885, ch. 2, § 21, apply, the petition to the county commissioners must negative the facts specified in the amendment affecting the right to refundment.

Appeal by Samuel Mathews and Peter Jourdain relators, from an order of the District Court of Kanabec County, *F. M. Crosby,* J., made March 17, 1894, denying their application for an alternative writ of mandamus.

Taxes were levied for 1879 and previous years upon the east half of the northeast quarter of section thirty-two (32) T. 42 R. 23 in Kanabec County. These taxes became delinquent and pursuant to Laws 1881 ch. 135, a judgment was obtained therefor on August 10, 1881, in the District Court of that county. The land was offered for sale but was not sold for want of bidders, nor was it struck off to the state. Afterwards on December 8, 1885, the land was sold to Mathews and Jourdain of Stillwater for $103.01 pursuant to Laws 1881 ch. 135, § 9, and 1878 G. S. ch. 11, § 101, and they received a deed therefor that day from the County Auditor.

On March 27, 1893, Mathews and Jourdain presented their petition to the Board of County Commissioners of Kanabec County, stating that they held this deed, that the sale had been declared void in *Mulvey* v. *Tozer,* 40 Minn. 384, in a controversy over another piece of land having a similar title. It also stated that the Board of County Commissioners in 1881, failed to designate a newspaper for the publication of the list of delinquent taxes and stated divers other defects in their tax title and prayed that the money they paid for it be refunded to them with subsequent taxes paid and interest. The commissioners refused to certify that the petition was presented to them and that they had inquired into the truth of its statements and were satisfied that all the facts affecting the case were therein fully and fairly stated.

Thereupon Mathews and Jourdain presented to the District Court for Kanabec County their information stating the foregoing facts and prayed that an alternative writ of mandamus issue commanding the Board of County Commissioners to sign such certificate or show cause before the court why they refuse. The court denied the application and the relators appeal.

*Nethaway & Gillen,* for appellants.

*H. W. Childs, Geo. B. Edgerton* and *J. C. Pope,* for respondents.

GILFILLAN, C. J. The court below seems to have refused the alternative writ of mandamus, in part at least, on the decision of this

court in *Corbin* v. *Morrow*, 46 Minn. 522, (49 N. W. 201.) The proceeding in that case, however, was under another section of the statute 1878, G. S. ch. 11, § 97, as amended by Laws 1881, ch. 10, § 19, giving a remedy, by application to the county auditor, where the tax sale under which the applicant holds his certificate, or his assignment from the state, has been declared void by judgment of the court; and we held it was not enough, to entitle one to the remedy, that the tax sale was in fact void, but that it must have been adjudged void as to the specific tract or tracts as to which refundment of the amount paid by him is sought.

This proceeding is under section 148, added by section 21 of the law of 1881, which provides a remedy by refundment in a case where, though the sale has not been adjudged void as to the specific tract or tracts, it is in fact void, within the meaning of any decision of this court. Under that section the applicant petitions the county commissioners, setting forth the facts claimed to invalidate the certificate within the meaning of such decision, and "said commissioners shall inquire into the truth of the facts alleged in said petition and if they are satisfied that all the facts affecting the case are fully and fairly stated they shall so certify to the state auditor and the latter officer if he is satisfied upon consultation with the attorney general that the facts stated render the certificate void within the principle of any decision of the supreme court, shall authorize the refunding of the amount paid for said certificate with interest," etc.

The decision in the case referred to has no application to this case, further than this: that the petition must show a right to have the money refunded under the section.

The respondent claims section 148 is void, under the constitution, on two grounds, only one of which, to wit, that the subject is not expressed in the title, we will mention,—there being no basis for either of them. The act of 1881, being entitled "An act to amend chapter 11," not only expresses the general subject of taxation therein treated, but all the minor subjects connected with and relating to it, treated in that chapter, including the subject of refundment upon invalid tax sales.

The respondents also insist the appellants' remedy is barred by the statute of limitations. There is no statute applicable to it, ex-

cept that applicable to actions; and, if six years is taken as the period, it has not run. The time limited does not begin to run before a cause of action accrues, and it is less than six years since the remedy accrued to appellants.

When the county commissioners, upon a proper application, under section 148, are satisfied that all the facts affecting the case are fully and fairly stated, there remains nothing for them to do but the ministerial act of signing the certificate to the state auditor. That duty may be enforced by mandamus.

We think the petition to the county commissioners should cover every fact that may affect the petitioner's right to have the taxes refunded. He and the board do not occupy adversary positions; he setting forth only the facts that make for his claim, and they the facts that make against it. He must lay the whole case before them. "All the facts affecting the case" must be "fully and fairly stated." Laws 1885, ch. 2, approved March 9, 1885, amending 1878, G. S. ch. 11, § 101, enacts (section 21) that "if any lands having valuable timber thereon have been or may hereafter be sold under the provisions of this section and an amount of timber equal in value to the amount paid by the purchaser under this section shall have been removed or sold by said purchaser or his assignee, then said purchaser or assignee shall not be entitled to any refundment from the county, if the title obtained from the state proves to be invalid for any reason except that the taxes had been paid."

The appellants' purchase was under section 101, and, as we understand from the petition, subsequent to the above amendment; so that its provisions apply to their case.

The petition ought to have negatived the facts in the amendment affecting the right to refundment. As it does not, nor allude to such matters, it cannot be said all the facts affecting the case are fully and fairly stated.

Order affirmed.

BUCK, J., did not sit.

(Opinion published, 59 N. W. 634.)