JOSEPHINE H. DAVIS and Others v. EDWARD CARLIN and Others.

October 25, 1899.

Nos. 11,894—(90).

### Tax Certificate—Failure to Give Highest Bid for Each Lot.

*Held*, that the certificate of tax sale does not show that the price for which each lot was sold was the highest sum bid for the same in severalty, and hence the certificate is invalid.

Action in the district court for Pine county to have certain tax certificates and tax deeds adjudged null and void and to remove a cloud. The case was tried before Crosby, J., who found in favor of plaintiffs; and from a judgment entered pursuant to the findings, defendant Sellers appealed. Affirmed.

*Clapp & Macartney*, for appellant.

*S. & O. Kipp*, for respondents.

BUCK, J.

This action was brought to test the validity of a tax certificate of sale of land, and the sole question is as to the certificate being valid upon its face. The certificate, in part, is as follows:

"State of Minnesota ⎰ ss.
    County of Pine,  ⎱

"I, Fred A. Hodge, auditor of Pine county, do hereby certify that at the sale of the forfeited lands, pursuant to real-estate tax judgment entered in the district court in the counties of Pine and Kanabec, on the 8th day of August, 1881, in proceedings to enforce payment of taxes upon real estate delinquent in the year 1879, and for prior years, for the county of Pine, which sale was held at the county auditor's office, in said county of Pine, on the 22d day of September, 1881, the following described pieces or parcels of land, situate in the said county of Pine, state of Minnesota, to-wit: [Here the certificate describes six pieces of land sold, and the price each piece was sold for;] was offered for sale to the highest bidder, and at the said sale I did sell the said pieces or parcels of land severally to John W. Sellers for the sums above stated, amounting, in the aggregate, to the sum of $27, that being the highest sum bid therefor; and, he having paid said sum, I do therefore, in consideration thereof, and pursuant to the statute in such case made and pro-

vided, convey the said pieces or parcels of land, in fee simple, to the said John W. Sellers, his heirs and assigns forever.

"Witness my hand and official seal this first day of October, 1881.
Fred A. Hodge, (Seal.)<br>County Auditor."

The trial court held that this tax certificate was void on its face, and hence that the defendant Sellers, who claimed title to the land under and by virtue of it, had no right thereto or title to said premises. The ground of its decision was that the certificate does not show that the price for which each tract was sold was the highest sum bid for the same in severalty, although it shows the highest sum bid for all the lands described in the certificate in the aggregate. We think that the trial court held correctly.

The certificate was made under Laws 1881, c. 135, which provides the form of the certificate, and requires it to state, not only that the land was offered for sale to the highest bidder, but that it was sold for the highest sum bid therefor. Under this law, there was no redemption from such sale, and the certificate passed to the purchaser the estate therein described, without any other act or deed whatever. Under such circumstances, there should be a strict compliance with the law, in order that there might be a full and complete protection to the landowner. The sum of $27 might have been, in the aggregate, the highest sum bid for the six pieces sold, and yet the certificate fails to show the highest sum bid for the plaintiffs' separate lots, or the highest sum for which each of said lots was sold. Hence the certificate was insufficient and invalid.

Judgment affirmed.

START, C. J.
I dissent.