CHARLES H. BABCOCK v. JOHN T. JOHNSON and Others.[1]

June 18, 1909.

Nos. 16,176—(153).

**Tax Sale Certificate.**

Davis v. Carlin, 77 Minn. 472, as to the validity of a certificate of tax sale issued under the forfeited tax law of 1881 followed and applied.

**Certificate Void on Face—Action.**

When such a certificate is void on its face, the provisions of the statute limiting the time within which an action may be brought to test its validity do not apply.

**Repayment of Subsequent Taxes.**

The question whether the trial court should have ordered and directed a

[1] Reported in 121 N. W. 909.

repayment of taxes paid by plaintiff subsequent to acquiring the certificate of sale as a condition to a judgment declaring the certificate void *held* not properly presented by the record.

Action in the district court for Chisago county to determine adverse claims to real property. The defendants Markham answered that they were owners in fee simple of the property. The case was tried before Stolberg, J., who found that defendant James D. Markham was the owner of the land in fee simple. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Edwin C. Garrigues,* for appellant.

*J. D. Markham* and *John F. Fitzpatrick,* for respondents.

BROWN, J.

Action to determine adverse claims to real property, in which, after trial before the court without a jury, judgment was ordered for defendants, and plaintiff appealed from an order denying a new trial.

Plaintiff relied, in proof of the allegations of his complaint that he was the owner in fee of the property in controversy, upon certain tax titles. It was conceded below, and is here, that defendants Markham have succeeded, by mesne conveyances, to the government title, and that they are the owners of the property in fee, unless their title has been divested by the tax proceedings relied upon by plaintiff. Plaintiff bases his claim of title upon, first, a forfeited tax sale of 1881, for the taxes of 1879 and prior years; and, second, a tax judgment and sale in 1890, for the taxes of 1888. The trial court found both tax proceedings invalid, and that plaintiff acquired no title to the property thereunder.

1. In support of plaintiff's first asserted title, he offered in evidence the judgment entered in the tax proceedings under the forfeiture tax law of 1881 [Laws 1881, p. 176, c. 135] together with a certificate of sale issued thereunder by the county auditor, bearing date the twenty-sixth day of September, 1881, to one F. H. Wolf. He further offered evidence showing a succession to all the rights of Wolf, and the trial court so found. The only question presented on

this branch of the case goes to the validity of this certificate of sale. It is identical in form with a certificate before the court and construed in the case of Davis v. Carlin, 77 Minn. 472, 80 N. W. 366, where it was held void on its face. The point made against the certificate in that and also in the present case, namely, that it wholly fails to state whether each tract of land therein described was in fact sold for the highest sum bid therefor, is the same, and we follow and apply the decision there made.

Counsel for appellant concedes that the cases are identical, but urges that a similar certificate issued in Chisago county under the same forfeited tax law was upheld in Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96, and that the rights of his client should, since he acquired them before the Davis decision, be determined by the rule in the Dawson case. We are unable to concur in this contention. Though the certificate involved in the Dawson case was in form the same as that before the court in the Davis case, the objections going to the validity thereof were not the same in each. In the Dawson case it was contended that there was an inconsistency between the certificate and the statute, not here material, and that it showed a sale "in bulk to the highest bidder for the whole." In the Davis case the objection to the certificate was that it failed to show that the land—several separate tracts—was sold for the "highest sum bid for the same in severalty." There was no intention in the Dawson case of holding the certificate valid in all respects. The court covered the points urged against it, and held that they were not well taken. That the decision there announced was not pertinent to the questions involved in the Davis case is made apparent from the fact that it was not there referred to either by counsel or the court. Judge Mitchell wrote the opinion in the Dawson case, and concurred in the decision of the Davis case. S. & O. Kipp were engaged as counsel in both cases. Appellant cannot, therefore, well claim to have been misled, for the Dawson case did not involve the question here presented.

2. It is further contended that under section 7, c. 135, p. 178, Laws 1881, the statute under which the sale was had, defendants are barred of the right to call in question the validity of the certificate

by the limitation of time there prescribed. That statute provides that the judgment and sale therein provided for "shall not be set aside, unless the action in which the validity of the judgment or sale shall be called into question * * * be brought within nine (9) months of the date of said sale. * * * " We have uniformly held that this and similar statutes have no application where the tax judgment, or certificate of sale issued thereunder, is void on its face. Sheehy v. Hinds, 27 Minn. 259, 6 N. W. 781; Sanborn v. Cooper, 31 Minn. 307, 17 N. W. 856; Willius v. City of St. Paul, 82 Minn. 273, 84 N. W. 1009; Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558, and cases cited. This particular statute was applied to the sale in Burdick v. Bingham, 38 Minn. 482, 38 N. W. 489, where it was held that, as the sale there involved was void on its face, the limitation prescribed within which it could be attacked did not apply. It is not important that the judgment may be valid. The question of its validity is not material. The certificate of sale, the only evidence of plaintiff's alleged title, being void on its face, within the Davis case, the statute of limitations has no application, and the judgment standing alone is no evidence of title. This rule may, as suggested by Judge Gilfillan in Sanborn v. Cooper, supra, reduce the healing qualities of the statute to a minimum, and reach only technical errors and defects, not going to the jurisdiction of the court to render the judgment, or to the validity of the certificate of sale in point of substance; but it has been adopted, and we discover no reason for now departing from it.

3. It is further contended that the trial court erred in finding that the tax judgment of 1890, for the tax of 1888, was void. This finding is wholly immaterial, and plaintiff is in no way prejudiced thereby. There was no valid notice of the expiration of the time for redemption from the sale under that judgment, in the absence of which plaintiff's case is wholly without evidence of title. The judgment was entered in the general proceedings to enforce payment of delinquent taxes, in which, unlike a sale under the act of 1881, title to land sold does not ripen until the period of redemption is cut off by proper notice. It is wholly immaterial whether the judgment was valid or invalid. Even if valid, it constitutes no evidence of plain-

tiff's alleged title. However, it would seem that the finding inures to the benefit of plaintiff; for if the judgment is void he is entitled to a refundment from the county, whereas, if valid, his time for the service of a notice of expiration of the time of redemption has expired under the provisions of chapter 271, p. 407, Laws 1905 (State v. Krahmer, 105 Minn. 422, 117 N. W. 780), and he is without remedy for reimbursement.

4. It is further claimed that the court below erred in not requiring of defendants the repayment of taxes paid by plaintiff as a condition to the relief awarded them. As suggested by counsel for defendants on oral argument, this question is not properly presented by the record. The trial court made no findings on this branch of the case, nor was it requested to do so, and the question is not presented by plaintiff's assignment of error to the effect that the court "erred in its failure to find" upon the point. Where findings do not fully cover all issues or questions litigated, counsel cannot be heard to urge as reversible error a failure to find upon any particular feature of the case, in the absence of specific application therefor. Dunnell (Minn.) Pr. 522-525.

Order affirmed.