STATE EX REL. CHARLES H. BABCOCK v. COUNTY OF CHISAGO and Another.[1]

June 9, 1911.

Nos. 17,122—(20).

**Void tax sale — right to repayment.**

A person who acquires, by purchase at an execution sale, the title and interest in land of a tax sale purchaser, obtaining a defective tax title thereby, succeeds to such purchaser's right to a refundment.

**Same — state assignment certificate.**

A purchaser of a tax certificate, after the tax sale is declared void, is not entitled to the refundment of moneys paid for a state assignment for a subsequent year's taxes, but is entitled to refundment of taxes paid for years subsequent to the tax covered by such state assignments.

**Peremptory writ of mandamus — amount to be refunded.**

A peremptory writ of mandamus need not precisely follow the alternative writ. A peremptory writ may issue, directing that the true amount paid on account of a void tax sale and subsequent taxes be refunded, although in relator's application and alternative writ an item not recoverable was added to such amount.

**Refundment — limitation.**

The opportunity afforded by section 1697, G. S. 1894, to apply for and receive refundments, does not establish a bar by limitation against claims which might be, but are not in fact, made thereunder.

**Same.**

Section 966, R. L. 1905, refers to refundments provided for in section 963, and does not purport to place a limitation on the time after a tax sale within which a refundment may be had under the law providing for refundment after a tax sale is held void because of irregularity in the sale.

[1] Reported in 131 N. W. 792.

Information for a writ of mandamus from the district court for Chisago county to compel defendant county and its auditor to refund certain taxes to the holder of a void tax certificate bought at the tax sale in 1881, and subsequent taxes paid in the years 1881 to 1887 inclusive, and for the years 1892 to 1906 inclusive. An alternative writ was granted. The matter was heard before Stolberg, J., who made findings of fact and as conclusion of law quashed the writ. From an order denying relator's motion for a new trial, he appealed. Reversed.

*Edwin C. Garrigues,* for appellant.

*A. P. Stolberg,* County Attorney, *John F. Fitzpatrick* and *J. D. Markham,* for respondents.

SIMPSON, J.

This is a proceeding to compel refundment of taxes paid by the holder of a void tax title. An alternative writ of mandamus issued herein was quashed, and the relator appeals from the order of the trial court denying his motion for a new trial.

In Babcock v. Johnson, 108 Minn. 217, 121 N. W. 909, it was held that a certificate of sale issued pursuant to chapter 135, p. 176, Laws 1881, at a forfeited tax sale in September, 1881, to one Wolf, was void. The relator had succeeded to the title and interest of Wolf. After the entry of judgment in Babcock v. Johnson, the relator applied to the county auditor for a refundment under section 97, p. 59, c. 1, Laws 1878, as amended by section 19, p. 30, c. 10, Laws 1881, this being the statute in force at the time of the tax sale to Wolf. The application was refused, and this proceeding was brought to enforce refundment. The trial court quashed the alternative writ, acting on the theory, as shown by his memorandum, that although the relator was entitled to a refundment of part of the taxes included in his application, namely, those prior to 1888, he was not entitled to refundment of the amount paid for state assignment of the taxes of 1888, or of the amount of subsequent taxes paid, and that, he having applied for too much, nothing could be ordered paid.

The court, by such holding, put an unnecessary and unreasonable limit on the proceeding instituted by the relator. Section 1610,

G. S. 1894, provides: "When any tax sale is declared void by judgment of court, such judgment shall state for what reason such sale is annulled; and in all cases where any sale has been, or hereafter shall be, so set aside, the money paid by the purchaser at the sale, or by the assignee of the state on taking the assignment certificate, and all subsequent taxes, penalties, and costs that may have been paid thereon, shall, with interest at the rate of ten per cent. per annum from the date of such payment, be returned to the purchaser or assignee, or the party holding his right, out of the county treasury, on the order of the county auditor."

A proceeding by mandamus is the appropriate method for enforcing the refundment of taxes under the above section. The preliminary application to the county auditor, and refusal thereof, if they show the necessity for the issuance of the writ, are sufficient. The statute (section 4563, R. L. 1905) makes the proceedings under the writ conform in substance to a civil suit. A misconception on the part of the relator as to the exact amount of the refundment to which he is entitled does not deprive the court, upon trial, of the right to determine the amount actually due, and to direct the issuance of an order for the correct amount. Such a suggestion was made in State v. Foley, 30 Minn. 350, 15 N. W. 375, but the point was not involved in that suit. In State v. Weld, 39 Minn. 426, 40 N. W. 561, it is said: "The proceeding is therefore now so elastic that the peremptory writ need not precisely follow the alternative one, but the court, upon the hearing, may grant the relief in any form consistent with the case made by the complaint, and embraced within the issues." The trial court should have issued a peremptory writ in relator's favor for the sums within the application and allegations of the alternative writ to which he proved himself entitled on the trial.

The relator, by purchase at a sale on execution, succeeded to all the rights of Wolf under the tax title, including the right to a refundment of the purchase price at the sale and subsequent taxes, penalties, and costs paid, with interest, as provided by the statute. Easton v. Hayes, 35 Minn. 418, 29 N. W. 59; Schoonover v. Galarnault,

45 Minn. 174, 47 N. W. 654; Corbin v. Morrow, 46 Minn. 522, 49 N. W. 201.

There is no valid distinction betwen taxes paid by the relator or his predecessors in interest before and after 1888. The fact that the relator took a state assignment for the taxes of 1888 does not affect his right to recover taxes paid for subsequent years. He cannot, in this proceeding, however, recover the amount paid for such state assignment. That was not a payment of taxes within the terms of the refundment statute. The judgment in Babcock v. Johnson, declares the tax sale void, if not in terms, none the less in effect. That is sufficient as a judgment to entitle the holder of the certificate to a return of the money paid. Easton v. Hayes, 38 Minn. 463, 38 N. W. 364; German-American Bank v. White, 38 Minn. 471, 38 N. W. 361.

The respondents claim that the relator's right to recover these taxes is barred by two independent limitations. The first claimed limitation at least involves a novel and interesting suggestion. Section 1697, G. S. 1894, authorizes the refundment, to a holder of a tax certificate, of money paid for such certificate and subsequent taxes, on a petition of the holder of such certificate, setting out facts showing that within the principles of a decision of the supreme court such tax certificate is void. It was held in Babcock v. Johnson that relator's tax certificate was void on its face under the rule announced in Davis v. Carlin, 77 Minn. 472, 80 N. W. 366. Therefore it is urged that, when the decision in Davis v. Carlin was filed in October, 1899, the relator's right to a refundment was established, and the six-year limitation against actions thereupon began to run. Clearly this is not the law. The holder of a tax certificate is not bound to assume or determine that his certificate is invalid. To him, as to others, it carries the inference of validity. If he does determine that it is invalid, and claims a refundment under a particular decision, he is bound to make a timely assertion of his right. Within what time a person claiming such right must make his application is not here involved. The relator's asserted right is based on the judgment in Babcock v. Johnson, determining that his tax certificate is invalid. If the rule were as claimed by respondents, the holder of a tax certifi-

cate, instead of resting on its presumed validity, would be bound to examine each step in the tax proceeding in the light of each decision of the supreme court, and determine at his peril, if within the principles of any decision his tax title is void.

The second claimed limitation relied on by respondent as a bar to relator's right to a refundment is created by section 966, R. L. 1905, reading as follows: "No refundment shall be allowed unless the right thereto has been determined, or the application therefor has been made, and the certificate and approval obtained, within eight years from the date of the tax sale on account of which such refundment is claimed; and no interest shall be allowed on any refundment beyond a period of six months after the right thereto has been determined." This provision was originally enacted as a part of chapter 2, p. 1, Laws 1902. Reading it in connection with the three preceding sections, and with section 969, it clearly refers to the refundment of moneys under the preceding section 963, which section provides: "Refundment of moneys paid by the purchaser of a parcel of land at a tax sale, or upon assignment of any such parcel bid in for the state at such sale, shall be allowed only when it shall be made to appear: (1) That such parcel was exempt from taxation. (2) That the taxes for which the parcel was sold had been paid before sale. (3) That the assessment of the property or the levy of the tax is void."

Section 966 has no application to a refundment where, by judgment, the tax sale is held void for irregularity in making the sale. Under the provisions of chapter 2, p. 1, Laws 1902, no refundment could be obtained in case of a tax certificate rendered void by noncompliance with the law in making the tax sale. The view that section 966 was not intended to have the broad application contended for by respondent is supported by the consideration that under the authority of Gray v. City of St. Paul, 105 Minn. 19, 116 N. W. 1111, the statute, if construed to apply to a right such as the relator here asserts, would be void as to such right. The statutory provisions for tax sales are an essential part of the system by which the state obtains its revenue. The state holds out as an inducement to purchases at such sale and payment of subsequent taxes that thereby will

be acquired a title to the land, or the right to receive back the money paid and interest in case of redemption, or, under the law applicable to sales prior to 1902, a refundment of the money paid and interest in case the tax sale is declared void. While many technical rules have become involved in tax proceedings, the court should not add to the complications by surrounding with unnecessary technicality and delay the procedure open to a party seeking a refundment to which he is entitled under the law. The county is fully protected in its right to reassess the taxes. The only person who may gain by defeating the refundment is the owner of the property who has avoided paying the taxes thereon.

The order·denying relator's motion for a new trial is reversed.