ROBERT SCHEINKMAN AND OTHERS v.
INTERNATIONAL CREDIT SYSTEM, INC., AND OTHERS.

172 N. W. (2d) 407.

November 21, 1969—No. 41312.

*Douglas D. DuLac* and *Korstad, Pokorny, Brophey & Lucas,* for appellants.

*James L. Fetterly* and *Robins, Davis & Lyons,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran; JJ.

PER CURIAM.

Defendants appeal from a judgment of the district court.

1. No motion for amended findings or a new trial having been made, the principal issue raised is whether a fact found by the trial court to the effect that plaintiff sustained $12,466.02 as damages caused by fraudulent representations made by defendant Henry J. Adrian Bessesen is sustained by the evidence.[1] It is conceded that damages in the amount of $5,466.02 were proved. But plaintiff's claim that he lost an additional $7,000 because of the misrepresentations is disputed. Although the record on this question of fact is vague, we have concluded that the trial court was justified on the basis of testimony of plaintiff Robert Scheinkman in concluding that he suffered a loss of $7,000 because of the time expended by him in a fruitless effort to promote the business venture which he entered because of the fraudulent representations made by defendant Bessesen.[2] The testimony was re-

[1] See, In re Estate of Baumgartner, 274 Minn. 337, 144 N. W. (2d) 574.

[2] See, Lowrey v. Dingmann, 251 Minn. 124, 86 N. W. (2d) 499; Davis v. Re-Trac Mfg. Corp. 276 Minn. 116, 149 N. W. (2d) 37; Hanson v. Ford Motor Co. (8 Cir.) 278 F. (2d) 586.

ceived without objection.[3] There was no motion made to strike it from the record.[4] The findings of fact based upon this testimony were never attacked in the trial court.[5] We do not feel in view of these circumstances that we would be justified in rejecting the determination of the trial court that plaintiff sustained the $7,000 in damages contested by the appeal.

2. We construe the finding and conclusion of the trial court to mean that the total damage suffered by plaintiff was in the amount of $12,466.02.[6] Aided by counsel's concessions at oral argument, we construe the judgment entered November 21, 1967, as imposing a judgment in this amount against defendant Bessesen. Defendant International Credit System, Inc., is jointly and severally liable on account of this judgment to the extent of $10,466.02. Defendant Traveler's Bonus Association, Inc., is jointly and severally liable on account of this judgment to the extent of $2,000. So construed, the judgment is affirmed.

Affirmed.

---

[3] See, Barnett v. St. Anthony Falls Water-Power Co. 33 Minn. 265, 22 N. W. 535; McNab v. Jeppesen, 258 Minn. 15, 102 N. W. (2d) 709; Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N. W. 156.

[4] See, Hubbard v. Montgomery Ward & Co. 221 Minn. 133, 21 N. W. (2d) 229.

[5] See, Hewitt v. Blumenkranz, 33 Minn. 417, 23 N. W. 858; Babcock v. Johnson, 108 Minn. 217, 221, 121 N. W. 909, 911.

[6] See, Aiken v. Timm, 147 Minn. 317, 320, 180 N. W. 234, 235; Stevens v. Minneapolis Fire Dept. Relief Assn. 219 Minn. 276, 282, 17 N. W. (2d) 642, 646.