## SIMON MEYERS v. JAMES G. HOUGHTON.[1]

July 13, 1917.

Nos. 20,401—(219).

**Building restrictions — mandamus to secure building permit.**

A purchaser of an unfinished building who applied to defendant building inspector for a building permit to complete it, stated in his application that he intended to rent it for a factory or for any lawful business purpose, provided he could find a tenant. As it was within a residential district in

[1]Reported in 163 N. W. 754.

137 M—31

which the ordinance prohibited a factory, the application was denied. The ordinance classified business buildings into 16 classes and all but three classes were prohibited in residential districts. His application for a writ of *mandamus* to compel the issue of a permit was granted. *Held*: The owner had a right to construct a building which conformed to the ordinance which might be used for any proper business purpose in a residential district, though he did not know for what specific purpose it would be used; even if work beyond what the plans required would be necessary to fit it for any use, business or residential. [Reporter.]

Upon the relation of Simon Meyers, the district court for Hennepin county granted its alternative writ of *mandamus* directed to James G. Houghton, as inspector of buildings for the city of Minneapolis, to grant to relator a building permit to construct the additions and improvements in the building described in the petition or show cause why he had not done so. The respondent made answer setting up the city ordinance quoted in the opinion. The matter was heard before Molyneaux, J., who made findings and quashed the writ. Relator's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, relator appealed. Reversed.

*Cohen, Atwater & Shaw*, for appellant.

*C. D. Gould* and *R. S. Wiggin*, for respondent.

PER CURIAM.

*Mandamus* to compel the respondent, the building inspector of Minneapolis, to issue to the relator a permit for the construction of a building. From a judgment for the respondent the relator appeals.

The relator is the owner of a partially completed building within a district designated residential by the ordinances of Minneapolis. The former owner, from whom he purchased, commenced the construction of a four family flat building, but left it unfinished. Upon purchasing the relator made application for a permit for the improvement of the building. By an ordinance he was required to state the purpose for which the building was designed to be used and he stated it as follows: "For your further information I will state that I do not intend to occupy the premises in person, but to rent the same as a factory or for any lawful business purpose, provided I can find a tenant therefor, as I have none in view at this time." The permit was refused upon the ground that the ordinance prohibited a factory in a residential district.

Section 1 of the ordinance provides as follows: "That for the purposes of this ordinance the following buildings, business occupations, industries and enterprises are designated as business industries or buildings and classified as follows." Then follow 16 classes. Certain territory is designated as in-

dustrial districts and other territory as residential. The relator's property is in residential district No. 1. After defining its limits the ordinance provides: "No person shall hereafter construct any business building, nor conduct or maintain any business industries within such district, except those enumerated in classes 14 to 16 inclusive, as above set forth." Similar language is used in limiting the use of all industrial and residential districts, the right to make use of enumerated classes of buildings and industries in a particular district being expressly granted and all others prohibited. Classes 14 to 16 inclusive are as follows:

"Class 14. All business industries which use or occupy buildings or grounds for garages, stables or barns.

"Class 15. All business industries which use or occupy buildings or grounds for flats, duplexes, apartment houses, hotels, cafes or restaurants.

"Class 16. All business industries which use or occupy buildings or grounds for religious purposes or places of worship, libraries, school houses, institutes of learning, art galleries or art museums."

Classes 1 to 13 include various manufacturing and commercial industries and occupations, some quite offensive, others not much if at all so. Industries coming within these 16 classes are permitted in the various districts to the extent which the ordinance specifies. No class of industries is excluded by name or specifically, except as indicated in the language quoted.

If the ordinance is effective to prohibit all factories in a residential district regardless of their character or whether they affect the health or safety or convenience of the public, the determination of the building inspector was right. We are not prepared to hold this to be so. It is without question that a number of the business industries mentioned in the first 13 classes are of a character which justifies the municipality in the exercise of its police power in excluding them from a residential district. There are others which in no substantial way affect the health or safety or convenience of the community. The general subject had exhaustive consideration in State v. Houghton, 134 Minn. 226, 158 N. W. 1017. The cases were there collated and a further consideration of them need not now be made. The relator had in mind, as his application indicates, the use of his building as a factory or for other lawful business. His testimony is to that effect. He had not made a lease. He did not know who his tenant would be or for what purpose the building would be used. He had no purpose to put the building to an unlawful use. He might adapt it for flat purposes. That was in contemplation. The building plans and specifications answered all the requirements for a factory. The plans did not provide for a building complete for a particular use or for any use. It was still to be adapted to the use to which it should finally be put. If he was entitled to make use of it for any legitimate business purpose outside of those specified in classes 14 to 16, he should have been granted a permit. If there was a future at-

tempt to make unlawful use of it, the ordinance afforded a very adequate penalty. If this is not so, then the owner cannot improve a building for a permissible factory purpose in a residential district, without knowing in advance to what use it will be put, so that he may inform the inspector when he applies for a permit. He must secure his tenant in advance of his construction. The relator had the right to construct a building which conformed to the building ordinances, and which might be used for some proper business purpose in a residential district, though he did not know for what purpose it would be used, and though to fit it for any use, business or residential, work beyond what the plans required would be necessary.

The views expressed are those of a majority of the court.

Judgment reversed.