STATE EX REL. BANNER GRAIN COMPANY v. JAMES
G. HOUGHTON.[1]

February 14, 1919.

No. 21,027.

**Appeal and error — mandamus to obtain building permit — when reversal of order.**

1. Upon appeal in mandamus proceedings to compel the issuance of a permit for the erection of a factory within a prescribed residential district in a city of the first class, the order of the trial court will be reversed only where there is no evidence reasonably tending to sustain the findings of the trial court.

**Municipal corporation — application for building permit — burden of proof.**

2. In a city of the first class, a residence district having been established, one asking permission to erect a factory therein has the burden to show that the proposed industry will not impair or seriously interfere with a proper enjoyment of the property in such district for residential purposes.

Upon the relation of the Banner Grain Company the district court for Hennepin county granted its alternative writ of mandamus directing James G. Houghton, as inspector of buildings of the city of Minneapolis, to issue a permit to plaintiff for the construction of a cereal mill upon certain lots. The answer of the respondent alleged that the city council of Minneapolis in July, 1914, enacted an ordinance amending an ordinance classifying and designating certain buildings, business occupations, industries and enterprises in that city as business industries, and

[1] Reported in 170 N. W. 853.

defining and designating certain districts as industrial districts, and certain other districts as residential districts, within which such buildings, business occupations or enterprises might or might not be carried on; that the property of relator described in the relation was within a district exclusively residential in character; that there were no buildings devoted to business industries, manufacturing plants, etc. within many blocks nor within the district created by said ordinance except one lumber yard which was in existence at the time of the passage of the ordinance. The matter was heard before Waite, J., who made findings and quashed the writ. From the judgment entered pursuant to the order for judgment, relator appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*C. D. Gould, R. S. Wiggin* and *W. G. Compton,* for respondent.

QUINN, J.

The city of Minneapolis has, by ordinance, designated a certain area within its limits as a residential district, forbidding the erection or operation of factories or industrial plants therein. The relator, Banner Grain Company, since the adoption of this ordinance, purchased a parcel of ground bordering 149.4 feet upon the right-of-way of the Chicago, Milwaukee & St. Paul Railway Company, within such prescribed area, for the purpose of erecting thereon a mill in which to manufacture graham flour, cornmeal, chicken feed and dairy foods.

The relator applied to the proper officers of the city for permission to erect thereon a cereal mill 34 x 38 in size and 40 feet high to the eaves, on a concrete foundation and covered with corrugated, galvanized iron and fireproof roofing, the same to contain a Monitor dust collection system, and to be provided with the most modern machinery, at a cost of something like $25,000, the purpose being to make the building as near dust and noise proof and as free from fire hazard as possible. The plans and specifications were approved by the building inspector insofar as the structure was concerned, but the building permit was refused solely because the location was within the residential district.

The relator brings this proceeding to compel the issuance of a permit upon the propositions: First, that the district in question is not, in fact, a residential district, although so designated; second, that the mill

as proposed to be built and operated will not constitute a menace to the health, safety, comfort and general welfare of the surrounding property owners, and that the ordinance is not, as to the relator and said premises, a reasonable exercise of the police power of the city, pursuant to chapters 98 and 420, Laws 1913.

The defense is that the area is a residential district in which mills are not permitted, and that the proposed mill, if erected and operated, will give off various foul and unwholesome odors and dusts, will be noisy and a menace to the health, comfort and welfare of the people.

This ordinance was considered and discussed in State v. City of Minneapolis, 136 Minn. 479, 162 N. W. 477; State v. Houghton, 134 Minn. 226, 158 N. W. 1017, L.R.A. 1917F, 1050; Meyers v. Houghton, 137 Minn. 481, 163 N. W. 754. In these cases the holding was that the legislative power may impose any reasonable restrictions and may make any reasonable regulations, in respect to the use which the owner may make of his property, which tend to promote the general well-being or to secure to others that use and enjoyment of their own property to which they are lawfully entitled; but when the legislative power attempts to forbid the owner from making a use of his property which is not harmful to the public and does not interfere with the rightful use and enjoyment of their own property by others, it invades property rights secured to the owner by both the state and Federal Constitutions. We adhere to the rule.

The area is practically level, sparsely settled and largely covered with brush and trees. The right-of-way of the named railway company extends from the southeast to the northwest across the district, upon which there is a main and several side or storage tracks. The lots along the right-of-way are well adapted for industrial purposes, but we see no reason why the area in general might not be suitable for residential purposes and it had been so designated by the proper tribunal. The issues were fully litigated before the trial court and determined adversely to the contentions of the relator. There was evidence to support the findings, and we see no reason for this court to interfere therewith.

The area having been legally established as a residential district, and the relator thereafter claiming the right to erect and operate a factory therein, the burden is upon him to show that the proposed industry would

not impair the value of the property within the district or seriously interfere with its proper enjoyment as residential property.

The order appealed from is affirmed.