Randy James TYO, petitioner, Appellant,

v.

Clark ILSE, Individually and in his capacity as St. Louis County Recorder, St. Louis County Board of Commissioners, et al., Respondents.

No. C4-85-1333.

Court of Appeals of Minnesota.

Feb. 4, 1986.

Wayne E. Gilbert, Two Harbors, for appellant.

Conrad M. Fredin, Joseph J. Roby, Jr., Duluth, for Clark Ilse, Individually and in his capacity as St. Louis County Recorder.

Alan L. Mitchell, St. Louis Co. Atty., Michael R. Dean, Asst. Co. Atty., Duluth, for St. Louis County Board of Com'rs, et al.

Heard, considered and decided by POPO-VICH, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Randy Tyo was dismissed from his position of Chief Deputy Recorder for St. Louis County by respondent County Recorder Clark Ilse. Appellant sought reinstatement by petitioning the trial court for a writ of mandamus. On summary judgment, the trial court denied the writ and entered judgment in respondent's favor. Tyo appeals from the trial court's judgment. We affirm.

## FACTS

Appellant has been an employee of St. Louis County since 1975. In the spring of 1984, he applied for an upcoming vacancy as Chief Deputy Recorder. He was certified for the position under the applicable civil service regulations and was then appointed to the job by respondent Ilse, the County Recorder. Tyo's appointment was effective August 27, 1984, and was subject to a probationary period of six months. On August 30, Ilse dismissed Tyo from the position and he returned to his previous job.

Tyo protested his dismissal to the county Civil Service Commission. Following a hearing, the Commission concluded it lacked the authority to question the discharge decision because appellant was a probationary employee.

Tyo then petitioned the trial court for a writ to mandate his reinstatement. The trial court issued an order allowing the writ against Ilse, the county Board of Commissioners, the county Civil Service Commission, and Patricia Paulson, Civil Service Department Director, all respondents here. In a declaratory judgment petition, the County joined in one facet of the mandamus proceeding. The County agreed with Tyo that Ilse's authority was limited, contending that the Public Employment Labor

Relations Act (PELRA) gave the County Board authority over Tyo's employment status.

Both Ilse and the other respondents moved for summary judgment. The trial court denied Tyo's and the County's claims as to any county authority under PELRA. The court also found no law limiting Ilse's discretion to remove Tyo. Thus, the trial court refused declaratory relief to the County and summarily denied the writ of mandamus.

## ISSUES

1. Does PELRA limit the authority of the county recorder to discharge a probationary chief deputy recorder?

2. Does public law otherwise control the discretion of the county recorder over probationary employees?

## ANALYSIS

1. Appellant first claims a right to a writ of mandamus on the grounds that Ilse exercised authority that belongs to the County under PELRA. The County supports this claim.

■ Mandamus will lie to compel the performance of a duty which the law clearly and positively requires. *State ex rel. Sawyer v. Mangni,* 231 Minn. 457, 467, 43 N.W.2d 775, 780 (1950). Mandamus may issue against a public officer only to compel a ministerial act and not when the official has discretion with respect to the act in question. *Electronics Unlimited Inc. v. Village of Burnsville,* 289 Minn. 118, 125–26, 182 N.W.2d 679, 684 (1971).

■ A trial court's order on application for mandamus relief will be reversed only where there is no evidence reasonably tending to sustain its finding. *See State ex rel. Banner Grain Co. v. Houghton,* 142 Minn. 28, 30, 170 N.W. 853, 853 (1919).

The trial court determined as a matter of law that Ilse had the discretionary authority to dismiss Tyo from the job of Chief Deputy Recorder. The court cited Minn. Stat. § 386.33 (1984), which states:

Any county recorder may appoint one or more deputies * * *. County recorders shall be responsible for the acts of their deputies and may revoke their appointment at pleasure.

*Id.*

Appellant argues that because the Minnesota Supreme Court held a similar statute was subordinate to the more recently enacted PELRA, that act also supercedes section 386.33. *See General Drivers, Local #346 v. Aitkin County Board,* 320 N.W.2d 695, 700 (Minn.1982); Minn.Stat. § 179A.01–179A.25 (1984). The statute involved in *General Drivers* gave sheriffs unbridled discretion in the hiring and firing of deputies. The supreme court held that where other laws, such as PELRA, the Veteran's Preference Act, and the Civil Service Act, provide an employee with a hearing or other procedural or substantive protection, that protection must be afforded, in spite of the existence of the other statute. *General Drivers,* 320 N.W.2d at 700.

■ Appellant's argument fails here because the *General Drivers* case involved permanent employees who benefited from other statutory protections; Tyo is not such an employee and has no such statutory protection. PELRA says:

Nothing in this subdivision diminishes the authority granted pursuant to law to an appointing authority with respect to the selection, direction, discipline, or discharge of an individual employee if this action is consistent with general procedures and standards relating to selection, direction, discipline, or discharge which are the subject of an agreement entered into under sections 179.A01 to 179A.25.

Minn.Stat. § 179A.03 subd. 15(c). The terms of Tyo's employment agreement with the County provide that, as a probationary employee, he was subject to dismissal at any time. PELRA does not provide any procedural or substantive protection to probationary employees. The trial court did not err in concluding that PELRA did not limit Ilse's authority to discharge Tyo.

2. The trial court could find no other laws that might have offered Tyo protection from discharge. The court concluded that Tyo had no right to a hearing under the Veterans' Preference Act because chief deputies of elected officials are not given that right under that statute. *See* Minn. Stat. § 197.46 (1984). The court also concluded that Tyo had no right to a civil service hearing because probationary employees are excepted from civil service protective provisions. The court correctly concluded that Tyo was not protected from discharge by any public law.

Finally, Tyo alleges that Ilse appointed him initially in bad faith and solely for the purpose of dismissing him and thereby securing his removal from the eligible list of candidates for the position of Chief Deputy Recorder. In a summary judgment proceeding,

> an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Minn.R.Civ.P. 56.05. Tyo offered no evidence in addition to the averments of his pleading to support his allegations regarding Ilse's motives for discharging him. Thus, summary judgment was appropriately entered.

## DECISION

The trial court correctly concluded that PELRA does not supercede Minn.Stat. § 386.33 so as to offer protection to appellant because its protections do not extend to probationary employees. The trial court also correctly concluded that, as a probationary employee, appellant was not protected by the Civil Service Act and that, as a chief deputy to an elected official, he was not protected by the Veterans' Preference Act. The summary judgment determination was lawful.

Affirmed.