**Francis Skip HAEN, et al.,**
**Petitioners, Appellants,**

v.

**The RENVILLE COUNTY BOARD**
**OF COMMISSIONERS, et al.,**
**Respondents,**

v.

**VALADCO, Intervenor.**

**No. C9–92–1511.**

Court of Appeals of Minnesota.

Feb. 9, 1993.

Review Denied March 30, 1993.

Thomas G. Dunnwald, Eagan, for appellants.

Thomas J. Simmons, Renville County Atty., Olivia, for respondents.

Gary Koch, Gislason, Dosland, Hunter, & Malecki, New Ulm, for intervenor.

Considered and decided by PARKER, P.J., and SHORT, and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellants, Francis and Ann Haen and Gary and Victoria Eekhoff, seek a peremptory writ of mandamus. On appeal from the partial denial of their petition, they argue the trial court erred in concluding that Renville County officials did not act arbitrarily and capriciously and also followed the proper procedures in approving ValAdCo's application for a conditional use permit. We affirm.

## FACTS

Respondent ValAdCo, a farmer-owned cooperative, seeks to build a hog breeding facility in section 34 of Crooks Township in Renville County. Appellants live near the site. The site is zoned A–1 Agricultural, which permits the facility, but only with a conditional use permit.

In its application for a conditional use permit, ValAdCo answered the question asking for a description of the conditional use request by stating, "Rezoning to the A–2C Classification for operation of a hog farrowing to feeder pig facility."

The county planning commission held a public hearing on ValAdCo's application on September 17, 1991, and the matter was continued until October 1, 1991. The October meeting was announced at the September hearing. The commission held another public hearing on March 17, 1992. The Renville County Zoning Administrator published notice of the September and March hearings and sent notices of these hearings to neighboring property owners and local governments. The published and mailed notice stated:

> ValAdCo requests reclassification of the parcel of land described above from A–1 and [sic] A–2C for the purpose of construction and operating a commercial hog farrowing to feeder pig facility.

At the March 17 meeting, the planning commission recommended to the county board that ValAdCo's application be denied.

The county board of commissioners met on March 24, 1992, to consider the planning commission's recommendation. No notices of the county board meeting were published or mailed. The board, contrary to the planning commission's recommendation, approved

> the conditional use permit application of ValAdCo for zoning reclassification from A–1 to A–2C for the purpose of establishing a commercial hog breeding and gestation facility.

The board resolution, thus, merged the requests for a conditional use permit and rezoning. Each commissioner orally listed the reasons for his or her decision, but the board made no written findings.

Appellants then filed a petition for a peremptory writ of mandamus ordering respondents to enforce the county zoning ordinances. Specifically, appellants sought a writ ordering the Renville County officials (1) to publish notice of the board's intent to amend the zoning ordinance before taking that action; (2) to hold separate hearings on the issues of rezoning and the conditional use permit; (3) to return ValAdCo's conditional use application because it sought an improper use; and, finally, (4) to vacate the approval of the rezoning and the conditional use permit because the proper proce-

dures had not been followed. ValAdCo was allowed to intervene in the matter.

The trial court, determining that published notice of an intent to consider rezoning is required, granted appellants' petition for a peremptory writ of mandamus ordering the board to give such notice before holding a meeting to rezone. The trial court also vacated the zoning reclassification because the proper notice had not been given.

But on the key issue, the trial court denied appellants' petition seeking invalidation of the conditional use permit. The trial court concluded that county officials had followed the proper procedure in approving the conditional use permit. The trial court determined that the board was not required to give notice, that it considered the required factors as specified in the ordinance, and that it did not act arbitrarily and capriciously when it granted the permit. The trial court further stated that because section 34 had not been rezoned properly, ValAdCo would have to comply with the regulations for the existing A–1 zone when building and operating its facility. Those regulations, with which ValAdCo is ready to comply, relate to vehicle parking.

### ISSUES

I. Did the trial court err in giving partial relief on the peremptory writ of mandamus?

II. Did the Renville County officials follow the proper procedures in granting the conditional use permit?

III. Did the board act arbitrarily and capriciously in granting the conditional use permit?

### ANALYSIS

■ On appeal from a trial court's order denying a petition for mandamus relief, we will reverse the trial court's decision only when "there is no evidence reasonably tending to sustain the trial court's findings." *Popp v. County of Winona,* 430 N.W.2d 19, 22 (Minn.App.1988) (citing *State ex rel. Banner Grain Co. v. Houghton,* 142 Minn. 28, 30, 170 N.W. 853, 853

(1919)), *pet. for rev. denied* (Minn. Nov. 23, 1988). We need not defer to the ultimate conclusions of law reached by the trial court. *Id.*

■ A writ of mandamus may be issued "to compel the performance of an act which the law specially enjoins as a duty resulting from an office." Minn.Stat. § 586.01 (1990). A county taxpayer may petition for a writ of mandamus requiring a county board to enforce the county zoning ordinances. Minn.Stat. § 394.37, subd. 4 (1990); *Scinocca v. St. Louis County Bd. of Comm'rs,* 281 N.W.2d 659, 660–61 (Minn.1979). To obtain the writ of mandamus, a petitioner must show that the board had a clear and present duty to perform the act requested or, if the act was discretionary, "that failure to perform it 'was so arbitrary and capricious as to constitute a clear abuse of discretion.'" *McIntosh v. Davis,* 441 N.W.2d 115, 118 (Minn.1989) (quoting *Baker v. Connolly Cartage Corp.,* 239 Minn. 72, 74, 57 N.W.2d 657, 658 (1953)).

### I.

■ Appellants first argue that a petition for mandamus must be granted or denied in its entirety and that the trial court erred by granting only partial relief. We disagree. A trial court considering a petition for a peremptory writ of mandamus "may grant the relief in any form consistent with the case made by the complaint, and embraced within the issues." *State v. Weld,* 39 Minn. 426, 429, 40 N.W. 561, 562 (1888); *see also State ex rel. Babcock v. County of Chisago,* 115 Minn. 6, 8, 131 N.W. 792, 792–93 (1911) (court not required to either grant or deny petition for peremptory writ of mandamus seeking payment of an incorrect amount but instead could grant peremptory writ ordering payment of correct amount). Accordingly, the trial court was not required to either grant or deny appellants' petition for relief in its entirety, but instead was free to grant relief in a form consistent with the case made. The trial court did so here because the procedural deficiency extended only to the rezoning.

## II.

Appellants next challenge the trial court's decision that respondents followed the proper procedure in approving the conditional use permit. Specifically, appellants argue (1) rezoning was a necessary prerequisite to the grant of the conditional use permit and, therefore, the permit was not valid after the decision to rezone was vacated; (2) the county officials failed to hold separate and distinct hearings on the issues of rezoning and the conditional use permit; and (3) proper notice of the conditional use hearings was not given.

We disagree. Although the county fell short as to rezoning, the record shows the Renville County officials complied with all procedures required to grant the conditional use permit.

### A. Rezoning Not Necessary

■ Interpretation of a zoning ordinance is a question of law. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980). In Renville County, a commercial feed lot is a specified conditional use allowed on land zoned either A–1 or A–2C. Renville County, Minn., Zoning and Planning Ordinance # 6, 2.23(d); 2.52 (1969) (hereinafter ordinance). Commercial feed lots in both zones are subject to identical regulations except that the ordinance requires slightly stricter parking arrangements for a feed lot in an A–1 zone. Ordinance 2.23(d); 2.52; 2.53; 4.0. The ordinance shows no preference for locating a commercial feed lot in an A–2C zone over an A–1 zone. Because the board could grant ValAdCo's conditional use permit in an A–1 zone, rezoning was of no consequence to the approval of that permit.

### B. Separate Hearings

Appellants claim the county officials were required by statute to hold separate and distinct hearings on the issues of rezoning and the conditional use permit application. Since rezoning was unnecessary in this case, however, we need not decide whether the statute requires hearings for rezoning separate from the conditional use permit hearing. The hearing held was adequate for issuance of a conditional use permit, standing alone.

### C. Notice of Hearing

■ A public hearing must be held before a conditional use permit is granted, but a county board may assign responsibility to hold the hearing to another county entity. Minn.Stat. § 394.26, subds. 1a, 3a (1990). In Renville County, the board has assigned to the county planning commission responsibility to hold hearings on applications for conditional use permits. Ordinance, 4.03.

■ Written notice of a public hearing before the Renville County Planning Commission on a conditional use permit application must be sent to neighboring local governments and property owners and be published in the official county newspaper. Minn.Stat. §§ 375.51, 394.26, subd. 2 (1990); Ordinance 4.03. The notice must state the time, place, and purpose of the public hearing. Minn.Stat. § 394.26, subd. 2 (1990). But neither the statute nor the ordinance require the county board itself to publish notice of its intent to consider an application for a conditional use permit.

■ In this case, the county planning commission held three public hearings on ValAdCo's application for a conditional use permit. Notices were published in the official county newspaper and sent to neighboring property owners giving the dates and times of two of these meetings. The notices announced that the reason for the meetings was to consider ValAdCo's application for a rezoning reclassification from A–1 to A–2C for the purpose of operating a commercial hog facility on section 34 and, by implication, to obtain a conditional use permit for the facility. This was sufficient to alert those with objections. Thus, Renville County officials followed the notice procedures required to grant the conditional use permit. The trial court correctly refused to issue a writ of mandamus requiring the officials to take additional steps before approving the permit.

### III.

A county board has broad discretionary power to grant or deny an application for a special use permit. *Barton Contracting Co., Inc. v. City of Afton*, 268 N.W.2d 712, 717 (Minn.1978). To decide if the board properly exercised its discretion, we look to whether the board gave reasons for its decision. *Id.* When an application for a special use permit is approved, the decision-making body has implicitly determined that all requirements for the issuance of the permit have been met. *Corwine v. County of Crow Wing*, 309 Minn. 345, 352, 244 N.W.2d 482, 486 (1976), overruled on other grounds by *Northwestern College v. City of Arden Hills*, 281 N.W.2d 865 (Minn.1979). Therefore, express written findings are unnecessary. *Id.* at 352, 244 N.W.2d at 486.

The ordinance provides that the board cannot grant a conditional use permit unless it determines the conditional use will not substantially diminish neighboring property values, be detrimental to the health and safety of the neighbors, impede other development, hurt the environment, or operate without adequate utilities, parking, and pollution controls. Ordinance 4.031–.037. The ordinance does not require the board to make written findings regarding these factors unless the conditional use permit is denied. Ordinance 4.03. Here, because it granted ValAdCo's permit, no written findings explaining the board's decision were necessary.

In any event, each commissioner listed the reasons for his or her decision and referred to the specific evidence upon which the decision was based. Given these facts, the board's decision was not so arbitrary and capricious that it constituted an abuse of discretion. The trial court properly denied appellants' petition for a writ of mandamus.

### DECISION

The Renville County officials followed all the procedures required to grant ValAdCo's conditional use permit. The board's decision to grant the conditional use permit was not arbitrary or capricious.

The trial court properly refused to grant appellants' petition for a peremptory writ of mandamus requiring the officials to take further steps before approving the permit.

Affirmed.