**MID–CITY HOTEL ASSOCIATES, Petitioner/Plaintiff, Appellant,**

v.

**HENNEPIN COUNTY BOARD OF COMMISSIONERS, et al., Minneapolis City Assessor, Respondents.**

No. C7–94–6.

Court of Appeals of Minnesota.

May 24, 1994.

Thomas R. Wilhelmy, James E. Dorsey, Fredrikson & Byron, P.A., Minneapolis, for appellant.

Michael O. Freeman, Hennepin County Atty., Robert T. Rudy, Sr. Asst. County Atty., Minneapolis, for Hennepin County Bd. of Com'rs, et al.

Surrell Brady, Minneapolis City Atty., Kenneth R. Frantz, Asst. City Atty., Minneapolis, for Minneapolis City Assessor.

Considered and decided by CRIPPEN, P.J., and PETERSON and SCHULTZ,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant Mid–City Hotel Associates sought a writ of mandamus to compel the Hennepin County Board of Commissioners to consider its property tax abatement applications. The trial court declared that the statute ratifying the county's policy on filing deadlines was constitutional and denied relief.

## FACTS

Appellant is the owner of the Metrodome Hilton and Anchorage Inn restaurant complex in Hennepin County. Appellant paid the property taxes due on the complex in 1989 and 1990. In December 1991, appellant applied for tax abatement by filing with the Minneapolis City Assessor its applications for reduction in valuation of real estate. *See* Minn.Stat. § 375.192 (1990) (property tax abatement).

The City Assessor refused to consider appellant's applications because they were untimely under the existing county policy. But in 1992, we ruled that county boards had no authority to create their own limitation periods for tax abatement applications. *RES Inv. Co. v. County of Dakota,* 494 N.W.2d 64 (Minn.App.1992), *pet. for rev. denied* (Minn. Feb. 23, 1993). Appellant reapplied in April 1993.

On May 25, 1993, an amendment to the Minnesota property tax abatement statute took effect, establishing a state-wide limitation period for the filing of applications. Minn.Stat. § 375.192, subd. 2 (Supp.1993). For abatement applications pending prior to the effective date of the amendment, the legislature expressly ratified the current policies of the county boards. 1993 Minn. Laws ch. 375, art. 5, § 32(a). Appellant challenges the ratification as an unconstitutional delegation of legislative authority.

## ISSUE

In the absence of any record that the legislature was aware of the details of the policies that it was ratifying, did Minn.Stat. § 375.192, subd. 2 (Supp.1993) unconstitutionally delegate legislative authority to the counties to establish their own limitation periods for property tax abatement applications?

## ANALYSIS

The constitutionality of a statute is a question of law which this court may review without deference to the trial court. *In re Blilie,* 494 N.W.2d 877, 881 (Minn.1993); *see also Haen v. Renville County Bd. of Comm'rs,* 495 N.W.2d 466, 469 (Minn.App. 1993) (on appeal from denial of motion for writ of mandamus, reviewing court will not defer to trial court on conclusions of law affecting merits of decision), *pet. for rev. dismissed* (Minn. Mar. 30, 1993). A duly enacted statute carries with it a presumption of constitutionality, and a party challenging the statute must establish beyond a reasonable doubt that the statute violates the constitution. *Blilie,* 494 N.W.2d at 881.

Purely legislative power cannot be delegated. *City of Richfield v. Local No. 1215, Int'l Ass'n of Firefighters,* 276 N.W.2d 42, 45 (Minn.1979). But the legislature may constitutionally authorize an administrative body to determine those facts that will make a statute effective. *State v. King,* 257 N.W.2d 693, 697 (Minn.1977).[1] As long as the law furnishes a reasonably clear policy or standard of action in ascertaining the facts to which the law applies, so that the law takes effect upon these facts by virtue of its own terms, and not according to the whim or caprice of the administrative officers, the power delegated is not legislative. *Lee v.*

---

* Retired judge of the district court, serving as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

1. Counties are distinct legal entities organized as subordinate agencies of state government. *Kasch v. Clearwater County,* 289 N.W.2d 148, 151

(Minn.1980). It is well settled that a legislature may delegate part of its power over local matters to county boards. *Town of Bridgie v. County of Koochiching,* 227 Minn. 320, 326, 35 N.W.2d 537, 541 (1948).

*Delmont,* 228 Minn. 101, 113, 36 N.W.2d 530, 538 (1949).

■ The facts or circumstances that a legislature may constitutionally empower counties and other agencies of the state to ascertain, pursuant to statutory guidelines, may include standards or methods provided in laws of foreign or subordinate jurisdictions. *See Wallace v. Commissioner of Taxation,* 289 Minn. 220, 228, 184 N.W.2d 588, 592 (1971). Appellant concedes that under *Wallace,* the Minnesota legislature had authority to ratify the county ordinances. It contends only that the legislature violated the constitutional limitations on delegating power by acting in the absence of a record showing that it knew the precise contents of the various ordinances. But nothing in our case law suggests that under the delegation doctrine the legislature must ascertain the contents of a law before it can ratify it. All the constitution requires is that the legislative standards created by the ratification, whatever they may be, are clear and presently ascertainable by those to whom the standards will apply. In the instant case, the limitations periods applicable to abatement applications filed prior to May 24, 1993 in each county were unambiguous and predictable, regardless whether the legislature actually knew the details of the policies of the individual counties.

■ Appellant also claims that the legislative ratification of the limitations periods established by the county boards does not apply here because Hennepin County had no policy limiting abatement applications at the time that appellant resubmitted the applications in April 1993. Appellant appears to suggest that the county's existing policy was nullified once we had decided *RES Inv..* But the effect of our ruling was only to determine that the various county policies were unenforceable. The record provides no indication that Hennepin County ever repealed its 1990 resolution. The policy still existed when appellant reapplied in April 1993.

### DECISION

The trial court did not err by denying appellant's petition for writ of mandamus, because the Hennepin County Board acted within its delegated authority under Minn. Stat. § 375.192 to decline jurisdiction over appellant's abatement application.

**Affirmed.**