**PELICAN GROUP OF LAKES IMPROVEMENT DISTRICT,**
Appellant,

**Pelican Lakes Property Owners' Association, Appellant,**

v.

**MINNESOTA DEPARTMENT OF NATURAL RESOURCES, Cormorant Lakes Watershed District, Cormorant Township, Respondent.**

No. CX–98–1529.

Court of Appeals of Minnesota.

March 9, 1999.

Thomas H. Graham, Detroit Lakes, MN (for appellant Pelican Group of Lakes Improvement District)

Richard Henderson, Daniel J. Crothers, Nilles, Hansen & Davies, Ltd., Fargo, ND (for appellant Pelican Lake Property Owners' Association)

Michael A. Hatch, Attorney General, William A. Szotkowski, Assistant Attorney General, St. Paul, MN (for respondent Department of Natural Resources)

Jay D. Carlson, Fargo, ND (for respondent Cormorant Lakes Watershed District)

Michael T. Feichtinger, Mark R. Azman, Quinlivan & Hughes, P.A., St. Cloud, MN (for respondent Cormorant Township)

Considered and decided by HALBROOKS, Presiding Judge, CRIPPEN, Judge, and WILLIS, Judge.

## OPINION

CRIPPEN, Judge.

Appellants, a lake improvement district and a property owners association, question the authority of the Cormorant Lakes Watershed District to make improvements, already in place, to discharge water from the Cormorant Lakes without first obtaining a permit from the Department of Natural Resources for the project. We affirm the trial court's decision that the appellants are not entitled to a writ mandating the Department to issue or deny a permit for the project.

## FACTS

The Cormorant Lakes, located in Becker County, do not have sufficient natural drainage outlets. Prior to the summer of 1997, drainage from above the ordinary high water level was accomplished through a 36-inch culvert that led from the Cormorant Lakes, eventually entering the Pelican Lakes. In the summer of 1997, the culvert was replaced with a 48-inch culvert. Both of these culverts were placed so that their bottom level was at the ordinary high level of the Cormorant Lakes. In May 1998, the Cormorant Lakes Watershed District and Cormorant Township filed an application with the Minnesota Department of Natural Resources, asking for approval of a new outflow structure that would have increased the outflow from Cormorant Lakes from 5.14 cubic feet per second (CFS) to 22 CFS. The Department determined that no permits were required for this project. At some point after the commencement of this litigation, the new outflow structure was constructed.

Appellants filed suit seeking a temporary restraining order, a temporary injunction, and a writ of mandamus compelling the Department to conduct permit proceedings. They contend that the installation of the 48-inch culvert or a new outflow structure without a permit constitutes a violation of Minnesota water law. In June 1998, the trial court denied the temporary injunction and the writ of mandamus and dissolved the prior restraining order. Later in June, the court entered a judgment dismissing the action. This appeal, challenging only the denial of mandamus, followed.

## ISSUE

Are appellants entitled to a writ of mandamus?

## ANALYSIS

A trial court's order in a mandamus case will be reversed only where there is no evidence reasonably tending to sustain it. *Tyo v. Ilse,* 380 N.W.2d 895, 897 (Minn.App. 1986) (citing *State ex rel. Banner Grain Co. v. Houghton,* 142 Minn. 28, 30, 170 N.W. 853, 853 (1919)). In deciding issues of law, this court is not bound by the trial court's conclusions. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977). But the reviewing court is bound to accept trial court's conclusions of law that are dictated by sustainable findings

of fact. *In re Estate of Hoffbeck*, 415 N.W.2d 447, 449 (Minn.App.1987), *review denied* (Minn. Jan. 28, 1988).

The essential controversy of the parties concerns the question of whether appellants have shown a clear duty of the Commissioner of Natural Resources.[1] Appellants assert that statutes create a clear Department duty to hold a contested permit hearing, citing the definition of public waters contained in Minn. Stat. § 103G.005, subd. 15 (1998) and the public-waters permit requirements contained within Minn.Stat. § 103G.245, subd. 1 (1998).[2] The parties agree that the exceptions to when a public-waters work permit is required do not apply in this situation. *See* Minn.Stat. § 103G.245, subds. 2, 11, 12 (1998).

■ The Department understandably takes the view that permit decisions need not be made regarding deposits of surplus water such as flood waters or deposits of surplus lake water because, in the words of Director of Waters Kent Lokkesmoe, "[a]s a matter of policy, the Department focuses its protection efforts on activities occurring below the ordinary high water levels of public waters that meet the statutory definition of a public water under Minnesota law." Giving the deference that is due to an agency's interpretation of its governing statutes, we cannot conclude that the Department was under a clear duty to require a permit in this situation. *See U.S. West Material Resources, Inc. v. Commissioner of Revenue*, 511 N.W.2d 17, 20 n. 2 (Minn.1994) (reviewing court should give great weight to the agency's interpretation).

Because entitlement to mandamus depends on the existence of a clear duty, which we find lacking in these proceedings, we decline to review whether appellants were beneficially interested parties or whether appellants had a plain, speedy, and adequate remedy in the form of an action for damages. *See* Minn.Stat. § 586.02 (1998) (limiting issuance of mandamus to beneficially interested party without alternate plain, speedy, and adequate remedy); *Friends of Animals & Their Environment (FATE) v. Nichols*, 350 N.W.2d 489, 491 (Minn.App.1984), *review denied* (Minn. Dec. 20, 1984).

Additionally, respondents raise various challenges to appellants' standing to bring suit. First, respondents raise a traditional standing argument, contending that appellants cannot pursue an action for a writ of mandamus unless they are parties injured in fact.[3] Second, the Department contends that because appellants ultimately seek a permit hearing, they lack standing under Minn.Stat. § 103A.311, subd. 3 (1998), because they are not among the entities who may demand a hearing. Third, respondents argue that one of the parties, a Lake Improvement District, does not have the statutory authority under Minn.Stat. § 103B.551, subd. 3 (1998) to maintain this action. Fourth, respondents contend that the landowner members have failed to prove that they own properties affected by the water levels. Because the trial court did not err in finding the absence of entitlement for mandamus, we need not explore these additional issues.

## DECISION

Because the Department of Natural Resources was under no clear duty to hold a contested permit hearing for activities occurring above the ordinary high water level of the Cormorant Lakes, appellants are not entitled to a writ of mandamus.

**Affirmed.**

---

1. The question of whether the commissioner abused his discretion by acting arbitrarily was not asserted in this case.

2. Appellants cite additional statutory authority making these provisions applicable to drainage authorities, including watershed districts. *See* Minn.Stat. § 103E.011, subd. 3 (1998) (duty of drainage authorities to seek project permits); Minn.Stat. § 103D.625, subds. 3, 4 (1998) (requiring watershed district to proceed in the same manner as other drainage authorities).

3. The standing subject also invites misgivings about appellants' circumstances after they dismissed their action for an injunction and the project was completed. It is not evident that appellants have retained a viable remedy in the event they were successful in obtaining a decision that a permit was necessary and was not issued.