Dan CONAWAY, Respondent,

v.

ST. LOUIS COUNTY, Appellant.

No. A04–2350.

Court of Appeals of Minnesota.

Aug. 16, 2005.

Mitchell J. Brunfelt, John M. Colosimo, Colosimo, Patchin, Kearney & Brunfelt, Ltd., Virginia, MN, for respondent.

Alan L. Mitchell, St. Louis County Attorney, Timothy O. Lee, Assistant County Attorney, Duluth, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; LANSING, Judge; and HALBROOKS, Judge.

## OPINION

MINGE, Judge.

In challenging summary judgment, appellant argues that the district court erred in determining that respondent is entitled to continued health-insurance coverage under Minn.Stat. § 299A.465 (2004) because (1) respondent began suffering from posttraumatic stress disorder before the statute became effective, and the statute cannot be applied retroactively; (2) Minn.Stat. § 299A.411 (2004) provides the only benefits for a peace officer disabled by posttraumatic stress disorder; and (3) respondent is not disabled, as defined by Minn. Stat. § 299A.465, or there is at least a genuine issue of material fact as to whether respondent is disabled. We conclude that because respondent did not retire until after Minn.Stat. § 299A.465 was effective, there is no retroactive application of the statute here. We further conclude that because Minn.Stat. § 299A.411 provides benefits for peace officers who are temporarily disabled, while Minn.Stat. § 299A.465 provides benefits for officers with long-term or permanent disabilities, section 299A.411 does not provide the exclusive remedy for officers with posttraumatic stress disorder. Finally, we conclude that under the Minnesota statutes the determination made by the Minnesota Public Employee Retirement Association (PERA) that respondent is disabled is binding on appellant, and appellant is not entitled to further discovery. For these reasons, we affirm.

## FACTS

In November 2001, respondent Dan Conaway applied for duty-related disability retirement benefits with PERA. In No-vember 2001, respondent's doctor wrote a letter to PERA stating that respondent was suffering from depression, panic disorder, and posttraumatic stress disorder. The doctor stated that respondent's "prognosis for returning to work as a police officer or firefighter is extremely poor. I do not anticipate that he will be able to work in law enforcement in the future." PERA's reviewing physician confirmed that respondent was occupationally disabled and that his disability arose in the line of duty. In February 2002, respondent notified the St. Louis County Sheriff's Department that his application for disability benefits had been approved by PERA and that he was retiring. PERA designated respondent's disability as duty-related. But appellant St. Louis County declined to provide respondent with the continued health-insurance coverage which, under Minn.Stat. § 299A.465 (2004), is available to officers disabled in the line of duty.

Respondent sued appellant alleging that the county's failure to provide continued health-insurance benefits was a violation of Minn.Stat. § 299A.465 and a breach of contract. He also made a claim under 42 U.S.C. § 1983 (2000), asserting that appellant's actions violated his right to equal protection. Appellant moved to remove the claim to federal district court, but pursuant to the parties' stipulation for partial dismissal and remand, the federal district court dismissed the equal protection claim and remanded the case to state court.

Respondent requested summary judgment, arguing that appellant was required to pay for his continued health-insurance coverage under Minn.Stat. § 299A.465. Appellant argued that Minn.Stat. § 299A.465 does not apply to respondent because respondent began suffering from psychological-related issues before the statute was passed. Finally, appellant as-

serted that it was entitled to undertake its own discovery, including an independent medical examination of respondent, because the following material facts were at issue: whether respondent suffered a disabling injury and whether a disabling injury occurred in the line of duty.

The district court granted respondent's motion for summary judgment. The district court determined that Minn.Stat. § 299A.465 applies to both physical and mental injuries/disabilities, such as posttraumatic stress disorder. The district court also determined that because respondent retired after the effective date of Minn.Stat. § 299A.465, he was not attempting to apply the statute retroactively. Finally, the district court determined that because PERA decided respondent is entitled to disability benefits, appellant must pay for respondent's continued health-insurance coverage. The district court concluded that there were no genuine issues of material fact, and granted summary judgment. This appeal follows.

## ISSUES

I. Did the district court err by determining that Minn.Stat. § 299A.465 (2004) applies to a peace officer who retires after the statute became effective if the officer began suffering from posttraumatic stress disorder before the statute became effective?

II. Does Minn.Stat. § 299A.465 provide benefits for a peace officer disabled by posttraumatic stress disorder?

III. Did the district court err by deciding that appellant could not conduct discovery after a PERA determination of disability?

1. The statute also requires that the injury occur in the course of the officer's duties. Minn.Stat. § 299A.465, subd. 1(a)(2). Although appellant claims the statute is limited to physical injuries and we address this issue

## ANALYSIS

### I.

■  The first issue is whether the district court erred by determining that Minn.Stat. § 299A.465 (2004) applies to a peace officer who retires after the statute became effective even if the officer began suffering from injuries before the statute became effective. Appellant argues that awarding respondent benefits is an unlawful, retroactive application of Minn.Stat. § 299A.465 because respondent experienced multiple traumatic events at work before 1997 and began having difficulty performing his job at that time. Minn. Stat. § 299A.465 became effective on June 1, 1997. 1997 Minn. Laws 1st Spec. Sess. ch. 1, § 1.

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (2004). There is no indication that the legislature intended Minn.Stat. § 299A.465 to apply to officers who retired before June 1, 1997.

Respondent continued to work as a police officer until he retired on March 1, 2002. PERA did not designate respondent as disabled until 2002. Respondent did not meet the requirements of Minn.Stat. § 299A.465 until 2002, when his disabling injury caused his retirement and he was approved to receive a disability pension.[1] Granting benefits to respondent is not a retroactive application of the statute.

### II.

■  The second issue is whether the health-insurance benefit provided under

in this opinion, there was no factual dispute that respondent's posttraumatic stress disorder occurred as a result of his work as a law enforcement officer.

Minn.Stat. § 299A.465 is available for officers suffering from posttraumatic stress disorder. The interpretation of a statute is a question of law, which we review de novo. *Nash v. Wollan,* 656 N.W.2d 585, 589 (Minn.App.2003), *review denied* (Minn. Apr. 29, 2003). "Words and phrases are construed according to rules of grammar and according to their common and approved usage...." Minn.Stat. § 645.08 (2004). The courts should give words their ordinary meaning unless the legislature has specifically provided otherwise or unless such construction would be inconsistent with legislative intent. *Summers v. R & D Agency, Inc.,* 593 N.W.2d 241, 244 (Minn.App.1999). When the language in a statute is ambiguous, we may consider the legislature's intent. Minn.Stat. § 645.16 (2004).

■ **A.** Appellant contests the applicability of Minn.Stat. § 299A.465 at two levels. First, it argues that Minn.Stat. § 299A.411 provides the exclusive remedy for officers who suffer from posttraumatic stress disorder. Appellant reasons that if officers suffering from posttraumatic stress disorder were entitled to benefits under Minn.Stat. § 299A.465, then the later enactment of Minn.Stat. § 299A.411 was unnecessary. Minn.Stat. § 299A.411 provides that a peace officer who is diagnosed with posttraumatic stress disorder and is unable to perform his job is entitled to

(1) payment by the employer for unreimbursed loss of wages during the time period the officer is disabled, *but not to exceed one year;* and

(2) payment by the employer for unreimbursed expenses for medical treatment, including psychiatric or psychological counseling, to cure and relieve the effects of the posttraumatic stress syndrome during the time period the

officer is disabled, but *not to exceed one year.*

(Emphasis added.) Minn.Stat. § 299A.411 provides short-term benefits for officers who suffer from posttraumatic stress disorder.

Not all officers who suffer from posttraumatic stress disorder are out of work for more than one year. Before Minn. Stat. § 299A.411 became law, officers could not recover lost wages or unreimbursed medical expenses incurred due to posttraumatic stress disorder if they were able to return to work within one year. *See* Minn.Stat. § 299A.465 (providing benefits only if an officer qualifies for a duty-related disability pension); Minn.Stat. § 353.656, subd. 2 (2004) (providing that an officer qualifies for a duty-related disability pension only if the officer is mentally unable to perform his or her duties for one year or longer). Sections 299A.411 and 299A.465 serve different purposes and benefit different classes of officers. Minn. Stat. § 299A.411 is short term, while § 299A.465 is long term. Thus, the district court correctly ruled that § 299A.411 is not the exclusive remedy for officers who suffer from posttraumatic stress disorder. Respondent's disability is classified as permanent, and Minn.Stat. § 299A.465 provides him with benefits in his situation.

■ **B.** At another level, appellant argues that respondent is not disabled under Minn.Stat. § 299A.465 because the statute only entitles officers with physical injuries to continued health-insurance coverage. The statute states:

(a) This subdivision applies when a peace officer or firefighter suffers a disabling injury that:

(1) results in the officer's or firefighter's retirement or separation from service;

(2) occurs while the officer or firefighter is acting in the course and scope of

duties as a peace officer or firefighter; and

(3) the officer or firefighter has been approved to receive the officer's or firefighter's duty-related disability pension [under Minn.Stat. § 353.656].

Minn.Stat. § 299A.465, subd. 1. We note that the term "disabling injury" does introduce some element of ambiguity into the statute.

When the legislature has intended to limit the term "injury" to physical injuries, the legislature has used the terms "physical injury" or "bodily injury." *See, e.g.,* Minn.Stat. §§ 15.31 ("The state shall pay premiums on insurance policies insuring its employees against liability from claims for bodily injuries ...."), 38.013, subd. 2(3) ("This subdivision does not limit the liability of a member of the board for physical injury ...."), 60A.06, subd. 1(5)(a) (Insurance companies may be authorized to insure "against loss or damage by the sickness, bodily injury or death by accident of the assured."), 123B.25(b) (School district must provide legal counsel for teacher who is sued for causing "physical injury."), 447.32, subd. 9 ("Nothing in this subdivision shall be construed to limit the liability of a member of the board for physical injury ...."), 604.16, subd. 3 ("[A] person fleeing the police officer is liable for all bodily injury ....") (2004). The legislature's choice to use the term "disabling injury" here signals that it did not intend to limit the term to physical injuries.

We also observe that the legislature linked Minn.Stat. § 299A.465 to Minn.Stat. § 353.656 (2004). As the statutory language already quoted indicates, Minn.Stat. § 299A.465, subd. 1(a)(3), provides that an officer must be approved to receive a "duty-related disability pension" under Minn.Stat. § 353.656 in order to receive continued health-insurance coverage.

That latter section provides benefits to an officer

who becomes disabled and physically unfit to perform duties as a police officer ... as a direct result of an injury, sickness, or other disability incurred in or arising out of any act of duty, which has or is expected to render the member physically or mentally unable to perform the duties as a police officer ... for a period of at least one year, shall receive disability benefits.

Minn.Stat. § 353.656, subd. 1. We see a remarkable similarity between the two statutes. The phrase "suffers a disabling injury that ... results in the officer's or firefighter's retirement or separation from service" in Minn.Stat. § 299A.465, subd. 1(a)(1), is the functional equivalent of the phrase "becomes disabled and physically unfit to perform duties as a police officer ... as a direct result of an injury, sickness, or other disability ... which has or is expected to render the member physically or mentally unable to perform the duties as a police officer" in Minn.Stat. § 353.656, subd. 1. Because Minn.Stat. § 353.656 recognizes mental injuries as duty-related disabilities, it seems even more clear that Minn.Stat. § 299A.465 does not exclude mental injuries such as posttraumatic stress disorder from the definition of disabling injuries. The district court did not err in concluding that that section covers respondent's disorder.

### III.

■■ The third issue is whether appellant, as the employer of respondent, was entitled to conduct further discovery, including its own independent medical examination, after PERA had determined that respondent was disabled and entitled to benefits under Minn.Stat. § 353.656, subd. 1. The district court concluded that because appellant, as a county and as an

employer, is bound by PERA's determination that respondent has a duty-related disability and it could not conduct further discovery.

As set forth above, Minn.Stat. § 299A.465, subd. 1(a), provides three criteria for determining if an officer is entitled to continued health coverage: (1) the officer must suffer a disabling injury that results in retirement; (2) the disabling injury must occur while the officer is acting in the course and scope of his or her duty; and (3) PERA must have approved the officer to receive a duty-related disability pension. When PERA approves an officer to receive a duty-related disability pension, PERA must conclude that the officer is suffering a disabling injury that results in a long-term disability and that the injury occurred while the officer was acting in the course and scope of his or her duties. *See* Minn.Stat. § 353.656, subd. 1 (stating that an officer is entitled to duty-related pension benefits if he or she is disabled "as a direct result of any injury, sickness, or other disability ... which has or is expected to render the member physically or mentally unable to perform the duties as a police officer," and the injury was "incurred in or [arose] out of any act of duty"). In other words, if an officer satisfies the third criterion of Minn.Stat. § 299A.465, subd. 1(a), by qualifying for a duty-related disability pension, the officer necessarily has satisfied the other two criteria as well.

Although examining the legislative history is not necessary, we note that the legis-

lative comments on Minn.Stat. § 299A.465 show that the legislature believed PERA would be an effective screen in determining an officer's eligibility for benefits. *See* Hearing on S.F. No. 233 Before the Senate Comm. on State Gov't Operations Veteran Affairs (Apr. 8, 1997); House Floor Debate on H.F. No. 333 (Mar. 3, 1997) (statement of Rep. Farrell). PERA has the ability to access all of an applicant's medical records and related information from any source to determine whether an officer is disabled. Minn.Stat. § 353.656, subd. 5. Additionally, PERA has its own physicians review evidence of an applicant's disability. Minn. Stat. § 353.33, subds. 4, 6a (2004).

■ Appellant questions the fairness of the legislature's actions to the county and the county's financial interests.[2] Minn. Stat. § 299A.465 transfers the financial responsibility for continued health coverage to the counties without guaranteeing funding. We acknowledge that the county has an interest in PERA's disability determinations.[3] Perhaps the county has the right to participate independently in the disability-determination process. However, because appellant failed to raise or pursue the issue of the accuracy of PERA's disability determination during the discovery period, because appellant acknowledged that several identifiable incidents in respondent's work history caused or played a significant role in the development of respondent's posttraumatic stress disorder, and because it appears that appellant does not disagree with PERA's determination

---

**2.** Appellant does not argue that the legislature lacks the authority to give PERA responsibility for making disability determinations for peace officers or to impose financial responsibility on the county. We note that counties are subordinate agencies of the state government and subject to legislative control. *See Kasch v. Clearwater County*, 289 N.W.2d 148, 151 (Minn.1980); *Mid–City Hotel Assocs. v.*

*Hennepin County Bd. of Comm'rs*, 516 N.W.2d 574, 576 n. 1 (Minn.App.1994).

**3.** Although the statute authorizes the counties to seek reimbursement from the Commissioner of Public Safety for a part of the benefits provided, appellant represents that it has not received full reimbursement. *See* Minn.Stat. § 299A.465, subd. 4.

of respondent's eligibility for pension benefits, we do not reach the issue of a county's right to participate in the PERA disability proceeding.

## DECISION

Because applying Minn.Stat. § 299A.465 to respondent's situation is not a retroactive application of the statute and because the statute covers a peace officer disabled by posttraumatic stress disorder, we determine that the district court correctly determined that respondent is entitled to continued health-insurance coverage under Minn.Stat. § 299A.465 for that disorder. Because PERA's disability determination is binding on appellant, we conclude that the district court did not err in rejecting appellant's discovery effort. The district court's decision granting summary judgment to respondent is affirmed.

**Affirmed.**