Demetris DUNCAN, petitioner,
Appellant,

v.

Tom ROY, In his Official Capacity as
Commissioner of Corrections,
Respondent.

No. A12–1628.

Court of Appeals of Minnesota.

May 6, 2013.

David W. Merchant, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge; STONEBURNER, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.[*]

Appealing from the district court's order denying that mandamus is an appropriate remedy for appellant's dispute, appellant asserts his entitlement for this relief on his claim that the commissioner of corrections failed to formulate or administer "workable" supervision conditions that are "not impossible to satisfy." Because the appeal challenges the commissioner's exercise of discretion, we affirm the district court.

## FACTS

Appellant Demetris Duncan was sentenced in 2001 in Stearns County to 196 months' imprisonment for first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(d) (2000). As a level-III sex offender, appellant was to be released on intensive supervised release (ISR) after completing two thirds of his executed prison sentence.

One of appellant's ISR conditions requires him to reside at an approved residence. On August 18, 2011, appellant was released into the custody of a Minnesota Department of Corrections (DOC) agent, who attempted to secure an appropriate residential plan for appellant. Appellant also is not allowed to have contact with minors during his supervised release. The DOC agent determined that appellant's proposed residence plan did not meet the ISR condition because the landlord objected to the placement and minors also lived at the residence. Later that day, appellant was transported to the Stearns County jail pending a revocation hearing or the approval of a residential plan.

On August 25, 2011, appellant was charged with violating the condition of his release requiring an approved residence, and a revocation hearing was held before a hearings and release unit (HRU) officer. Appellant asked to be allowed to have contact with minors or be placed in an "emergency bed" in a halfway house. Both requests were denied based on the severity of the criminal offense, lack of prior sex offender treatment, and the unavailability of halfway-house beds. Appellant's ISR was revoked for 90 days, and was made contingent upon the approval of a residence plan.

Appellant proposed residence plans at four subsequent revocation hearings. None of the plans was approved because they either required that appellant live with minors or move to a county that would not accept his placement. Additionally, no ISR housing was available to appellant. Appellant's ISR was temporarily revoked with each violation hearing.

Appellant filed a petition for a writ of mandamus in Ramsey County District Court, seeking to compel the DOC to initiate his mandatory period of supervised release and to impose only "appropriate conditions" on the release. The district court denied appellant's petition, finding

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

that appellant had failed to establish that he was entitled to mandamus since it was not an appropriate means to "seek review of the Commissioner's decision to revoke . . . supervised release or the Commissioner's decision to continue [appellant's] projected release date at subsequent administrative hearings."

## ISSUE

Did the district court err in its conclusion that a writ of mandamus is an inappropriate means to review the commissioner of corrections' discretionary decision to enforce conditions of supervised release?

## ANALYSIS

■ Appellant argues that the commissioner violated a clear duty to impose only "appropriate" supervised release conditions when requiring that appellant have an approved residence. The commissioner correctly contends that it is within his discretion to decide that "a predatory offender designated for ISR who is still serving his sentence should not be released without a proper residence where he can be supervised."

■ Mandamus is an extraordinary remedy. *State v. Pero*, 590 N.W.2d 319, 323 (Minn.1999). "[A] writ of mandamus does not control the particular manner in which a duty is to be performed and does not dictate how discretion is to be exercised." *Mendota Golf, LLP v. City of Mendota Heights*, 708 N.W.2d 162, 171 (Minn.2006). "Mandamus may issue against a public officer only to compel a ministerial act and not when the official has discretion with respect to the act in

question." *Tyo v. Ilse*, 380 N.W.2d 895, 897 (Minn.App.1986).[1]

■■ On appeal, we will reverse a district court's order on a petition for mandamus relief "only when there is no evidence reasonably tending to sustain the [district] court's findings." *Coyle v. City of Delano*, 526 N.W.2d 205, 207 (Minn.App.1995). "When a decision on a writ of mandamus is based solely on a legal determination, we review that decision de novo." *Breza v. City of Minnetrista*, 725 N.W.2d 106, 110 (Minn.2006).

■ Under Minn.Stat. § 244.05, subd. 6(b) (2012), the commissioner "may impose appropriate conditions of release on the inmate including but not limited to . . . house arrest; . . . work, education, or treatment requirements; and electronic surveillance." The commissioner is afforded broad authority in this regard to further the goal of "protect[ing] the safety of the public." Minn.Stat. § 244.14, subd. 1(2) (2012); *see also* Minn. R. 2940.1900 (2011) (requiring that "[c]onditions of . . . supervised release shall be based on the need for public safety."). Thus, the commissioner's decisions formulating and administering conditions of supervised release are made subject to the commissioner's duty to weigh public safety, and considering appropriate conditions in light of competing considerations requires the commissioner to exercise discretion.

Appellant argues that the condition to have an approved residence is "unworkable and impossible to satisfy." Appellant also contends that the DOC did not assist appellant in securing appropriate housing, and cites *State ex rel. Marlowe v. Fabian*,

---

1. A writ of mandamus also "shall not issue in any case where there is a plain, speedy, and adequate remedy in the ordinary course of law." Minn.Stat. § 586.02 (2012). Because mandamus in this case was inappropriate as a means to control the exercise of discretion, we do not reach the issue of whether appellant has another adequate remedy at law under Minn.Stat. § 586.02.

755 N.W.2d 792, 794 (Minn.App.2008), for support. In *Marlowe,* we held that the DOC had an obligation to restructure the conditions of a sex offender's supervised release to consider available suitable housing in "neighboring metro-area counties" when no suitable housing was available in the county of commitment. *Id.* at 794, 797.

The facts here are different from those in *Marlowe.* Appellant was sentenced in Stearns County, which is not considered part of the Twin Cities metropolitan area. When a Stearns county residence could not be located, the DOC tried to find residential placement in other Minnesota counties, but was unsuccessful. In *Marlowe,* the DOC had made no such effort due to a mistaken belief that it lacked the authority" to do so. *Id.* at 796. The DOC continued to restrict appellant's contact with minors, and appellant did not propose any plans for residences that did not also house minors, due in large part to financial reasons. "[I]t is the commissioner of corrections that decides whether an inmate's supervised release is to be revoked." *Kachina v. State,* 744 N.W.2d 407, 409 (Minn.App.2008). Thus, because the commissioner exercised his discretionary, not ministerial, authority in enforcing the condition of supervised release and revoking appellant's ISR, mandamus is not available here. *See Tyo,* 380 N.W.2d at 897.

Appellant also argues that the commissioner failed to initiate ISR because appellant was not released from the DOC's actual custody. But in Minnesota, "every inmate shall serve a supervised release term upon completion of the inmate's term of imprisonment." Minn.Stat.

§ 244.05, subd. 1 (2012). And during supervised release the "inmate is and remains in the legal custody and under the control of the commissioner, subject at any time to be returned to [imprisonment] and the parole rescinded by the commissioner." Minn.Stat. § 243.05, subd. 1(b) (2012); *see also State v. Schwartz,* 628 N.W.2d 134, 139 (Minn.2001) ("A person on supervised release remains in the state's legal custody and is subject to reincarceration for breach of a condition of release.").

Appellant offers no authority to support his construction of "release" to suggest that actual release from the custody of prison officials must include a release of legal custody. Appellant also fails to articulate how a release from confinement should be measured. Appellant's argument regarding his release is without merit.

### DECISION

Because the commissioner exercised his discretionary, not ministerial, authority in formulating and enforcing the conditions for appellant's intensive supervised release, the district court correctly determined that mandamus is not an appropriate remedy to address appellant's release and revocation contentions.

**Affirmed.**